In re Petition of S. C. Whellock et al., Petitioners.
Frederick E. Will et al., Complainants, v. City of Zion
et al., Defendants.
Wilbur Glenn Voliva, Cross Complainant, v. Frederick
E. Will et al., Cross Defendants.
Appeal of S. C. Whellock et al., Appellants.

Gen. No. 8,395.

Opinion filed March 25, 1933.

JOHN R. BILLS, CHARLES E. MASON and RICHARD S. FOLSOM, for appellants; JAMES HAMILTON LEWIS, of counsel.

FELSENTHAL, STRUCKMANN, MILLER & ROSENBERG, for appellees; A. R. MILLER, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.

The record discloses that Frederick E. Will et al., filed a bill in this cause on behalf of themselves and all others similarly situated and alleged that they were residents, citizens and taxpayers of the City of Zion, county of Lake and State of Illinois; that said Frederick E. Will was lessee from John Alexander Dowie and Jane Dowie, his wife, for term ending January 1st, A. D. 3000, of certain real estate described in the bill and located in the said City of Zion; that the other complainants were owners of particularly described real estate as lessees or as owners in fee simple located in said City of Zion.

The object and purpose of the bill of the said Frederick E. Will et al., was to restrain the defendant, Wilbur Glenn Voliva, from claiming title in himself to various parks and boulevards in the City of Zion, and with a view of having the parks and boulevards to become and be known as public parks and boulevards.

Wilbur Glenn Voliva, a defendant in the original bill, filed an answer and subsequently on, to wit: July 13, 1922, filed a cross-bill and on November 12, 1927, filed an amended and supplemental cross-bill in which almost 100 additional parties were named as parties defendant and personal service had upon them. In his amended and supplemental cross-bill Voliva alleged that he was the owner in fee simple of the various pieces of property which the bill of complaint alleged to be public parks and boulevards and sought a decree establishing title in himself, namely, in Wilbur Glenn Voliva.

In the amended and supplemental cross-bill it was alleged that there were between 6,200 and 6,300 inhabitants in the City of Zion who might claim to have some easement or other right as members of the public in and to said various parcels of land mentioned and described in the pleadings, and that there were between 1,500 and 1,800 owners of lots in fee simple or lessees for a term of 1,000 years, who might claim some privilege or easement thereto; that these parties were so numerous it would be impossible or impracticable to bring them all before the court and that all such persons were in the same position as complainants and cross defendants specifically named, and that the amended and supplemental cross-bill was brought against such complainants and cross defendants for themselves and as representatives of members of the public, residents, property owners and taxpayers of the City of Zion and of all others similarly situated.

On December 3, 1927, a decree was entered by the circuit court of Lake county, finding that Wilbur Glenn

Voliva was the owner in fee simple of a number of the parcels of land in dispute free and clear of any claims of easement or other right by any person or persons whomsoever, and that the rest of the parcels of land in dispute (being a large number), were held by said Wilbur Glenn Voliva for the use and benefit of all of the residents of the City of Zion, subject to such rules and regulations as said Wilbur Glenn Voliva or his successors in title might from time to time make, and further decreeing that said Voliva and his successors in title should not have any right to sell or incumber any of the said parcels.

It appears that on October 6, 1930, almost three years after the decree was entered, certain petitioners who are the appellants in this cause, namely: S. C. Whellock, Florence L. Whellock, George Liddle, Elizabeth Liddle and John R. Bills, presented a petition to the said circuit court of Lake county alleging that they had not been specifically named as parties defendant in the suit of Frederick E. Will et al., against Wilbur Glenn Voliva et al., but were bound by said decree by representation; that the decree was obtained by agreement and without a contest; that some of the testimony introduced upon the hearing was false and colored, and that no witnesses were called on behalf of the original complainants in said case. Petitioners prayed that they might be permitted to answer the complainant's bill and the cross-bill filed by Wilbur Glenn Voliva, and that such proceedings might be had as though the petitioners had appeared in due season and no decree had been entered in said cause. The petitioners, who will be referred to hereinafter as appellants, seek to have the decree opened up by virtue of the provisions of section 19 of the Chancery Act, Cahill's St. 1929, ch. 22, ¶ 19. On the hearing the circuit court of Lake county held that the appellants (petitioners below), not having been named as parties defendant in the original proceeding, and being bound only by representation,

and having been bound by representation in the original bill of complaint, were not proper persons, under section 19 of chapter 22, to file such petition. This appeal is brought to this court to have reviewed the order of the circuit court of Lake county denying leave to file said petition and striking the same from the records.

It is the contention of the appellants that they were proper parties to seek relief by virtue of section 19 of the Chancery Act, Cahill's St. 1929, ch. 22, ¶ 19. It is their position that while they were not actually named defendants to the cross-bill of Voliva, they were constructive defendants bound by the decree and as such should be recognized as actual defendants for the purpose of the relief afforded under section 19 of said Chancery Act.

It is also the contention of the appellants that Voliva, by naming 100 defendants in his cross-bill and naming them defendants in their own capacity and as representatives of 6,000 other defendants, thereby created a situation whereby the 6,000 other defendants, bound by the decree entered against them as constructive defendants, through representation, are entitled to the remedy provided in said section 19, and that the petitioners are entitled to this relief on two theories: First, that they can show good title in the public to all the parks mentioned in the litigation, and in which they have a direct interest through property they own in the neighborhood of such parks and thereby are entitled to relief under section 19 as a matter of right, and second, that they can show that the public and the petitioners have been defrauded by property rights, depriving them of park properties to which they are entitled, setting forth that Voliva obtained said decree by fraud and conspiracy and petitioners are entitled to relief under section 19 by a showing of such fraud.

In our view there is but one question involved in this proceeding, namely: Is section 19 of the Chancery Act intended to apply to persons who have not been

made parties to a cross-bill of .complaint in chancery, but who are bound by the decree therein on the doctrine of representation?

In order to pass upon the question it becomes necessary to examine the statute in question. It is reasonable to say that all sections of the Act must be construed together in order to determine the meaning of any particular section. It will be observed that the first six sections of the Chancery Act have to do with the jurisdiction of the courts of chancery, rules of the court, the venue of chancery suits, the method of beginning a suit, and the filing of suits by conservators and guardians *ad litem*. The seventh section provides for making unknown persons parties to the suit and obtaining jurisdiction of them by publication. Sections eight, nine, ten and eleven provide the method of serving summons upon persons who have been named as defendants. Section twelve provides for notice by publication to defendants who reside outside of the State, or who on due inquiry cannot be found within the State. The language of the statute is, "Whenever . . . any defendant resides or hath gone out of this State . . . so that process cannot be served upon him," then that defendant may be summoned by publication. It is very evident from the language of this section that it refers only to a defendant who has been named in the bill of complaint. Section fourteen makes provision for service upon "any defendant residing or being without this State" by copy of bill and notice of the commencement of the suit. This too only has reference to a defendant who has been named in the bill of complaint. Section sixteen provides that "every defendant who shall be summoned, served with a copy of the bill or petition, or notified as required in this Act" shall be held to except, demur, plead or answer on the return day of the summons. In other words, section 16 goes back to the previous sections of the Act and requires an answer from all defendants who

have been served in one of the three ways previously described by the Act. As we have seen above the previous sections of the Act provide for three methods of service upon defendants who, in the bill of complaint, have been named as defendants, either by their own names or as "unknown owners." It will be observed from an examination of section 19 that it is in some respects almost identical with the language of section 16 that "when any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill or received the notice required to be sent him by mail," Cahill's St. 1929, ch. 22, ¶ 19, such defendant may appear in court at any time within three years after the entry of the decree and petition to be heard with reference thereto. Section 16 provides that when any defendant has been served in one of the three ways previously mentioned he must plead, answer or demur or be defaulted. Section 19, using almost the identical words of section 16, says that when any such defendant has not been served in any one of the three ways previously mentioned, he may come in within three years and petition for leave to be heard. It is quite evident, therefore, that section 19, as section 16, refers only to defendants who have been actually named either by their own names or as unknown owners in the bill of complaint, and who have not been served in one of the three ways previously mentioned by the Act. It would seem, therefore, that section 19 itself does not contemplate and was not intended to cover persons belonging to a class who have been bound by the decree on the doctrine of representation, inasmuch as such persons have not been named as defendants in the bill of complaint, either in their own proper name or as unknown owners.

It will be seen from an examination of the record that Wilbur Glenn Voliva, cross complainant, did not make any unknown owners parties defendant to his

amended or supplemental cross-bill, and no publication was had as to any defendants. It will further be seen that the appellants were not named in the cross-bill as defendants thereto.

It must be kept in mind that the bill of complaint filed by Frederick E. Will et al., contains the allegation "that the complainants begin this suit in behalf of themselves and all others similarly situated." It will readily be seen that Frederick E. Will et al., filed their bill of complaint in a representative capacity, and that appellants who allege that they were situated similarly to Frederick E. Will et al., complainants, would have been bound by the decree (assuming that no cross-bill had been filed) by the doctrine of representation, inasmuch as complainants represented that class.

If, therefore, the decree bound the appellants by the doctrine of representation, as complainants, it is evident that they cannot avail themselves of section 19 of the Chancery Act which specifically provides that it is intended to be for the benefit of "any defendant who shall not have been summoned," etc.

The filing of the cross-bill by Voliva does not alter the situation in so far as appellants herein are concerned. If they were original parties to the suit, as complainants by representation, the cross-bill has not changed their status.

In *Northern Trust Co. v. Sanford,* 308 Ill. 381, a bill was filed to foreclose a mortgage and a cross-bill was filed to foreclose a second mortgage. The former owners of the property, who were nonresidents, were made defendants to the original bill for foreclosure but were not served except by publication. When the cross-bill was filed, an attempt was made to notify them of the pendency of the suit by serving them with a copy of the cross-bill. Subsequently these defendants filed a petition under section 19, claiming that although they were parties to the bill of complaint they had not received the notice required by section 19. The answer

was made that they had received notice by being served with a copy of the cross-bill. The court held that the status of those defendants was not altered by the filing of the cross-bill and that section 19 gave no authority for notifying any such defendants by a copy of the cross-bill. At page 391 the court said: "An original bill and cross-bill constitute but one suit, as the cross-bill is a mere adjunct to the original bill, and the statute does not require any process thereunder to issue against any parties to the original bill. (*Fleece v. Russell*, 13 Ill. 31.) Besides, in this case the cross-bill to foreclose the second trust deed was not at all necessary." Furthermore, it appears that in *Northern Trust Co. v. Sanford, supra*, section 19 of the Chancery Act has no application whatever to a cross-bill but is intended merely to cover persons named as defendants in the original bill of complaint. It will be seen that section 19 uses the following language: "When any final decree shall be entered against any defendant who shall not have been summoned or been served with a copy of the bill," etc. Cahill's St. 1929, ch. 22, ¶ 19. The case of *Northern Trust Co. v. Sanford* shows that this means a defendant who has not been summoned or been served with a copy of the original bill, and has nothing to do with a defendant who has not been served with a copy of the cross-bill.

From an examination of the record it will be seen that the appellants were not named as parties, either by the bill of complaint or by the cross-bill. The fact that they are bound by the decree by the doctrine of representation does not make them defendants or parties to the suit as is contended by appellants. Their contention is based upon an erroneous view of the doctrine of representation. The true intention of this doctrine is that where the subject matter affects so many persons that it would be oppressive and burdensome to make them all parties and bring them before the court, then, on proper showing, the court will ex-

cuse the complainant from bringing such parties into court as defendants, but will bind them, nevertheless because their interests are the same as the interests of the persons who are actually before the court as parties defendant.

In 21 Corpus Juris 284, it is said: "This doctrine, tersely stated, is to the effect that where it appears that a particular party, although not before the court in person, is so far represented by others who are before the court that his interests receive actual and efficient protection, his actual joinder may be dispensed with, and the decree may be held to be binding upon him."

In *Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co.,* 173 Ill. 439, at 457, the following rule is announced: "Third—It is further contended on the part of the appellant, that the court below erred in entering the decree appealed from without requiring all the bondholders to be made parties to the suit. We think that, under the circumstances of this case, this contention is without force. It is true as a general rule that all parties interested in the subject matter of the suit should be made parties, and that, when foreclosure is sought of a mortgage or trust deed, the *cestuis que trustent,* as well as the trustee, should be made parties, but there are two well established exceptions to this rule. The first is, that, where the absent parties are properly represented it is sufficient to make such representatives parties to the suit. In *Hale v. Hale,* 146 Ill. 227, we said (page 257): 'When it appears that a particular party, though not before the court in person, is so far represented by others that his interests receive actual and efficient protection, the decree may be held to be binding upon him.' Jones, on Corporate Bonds and Mortgages (sec. 398) says: 'A trustee for bondholders represents their interests, and, when made a party to a suit affecting their inter-

ests, they are as much bound by the decree rendered in the suit as if they were individually made parties to the suit.'

"Another exception to the rule is, that, where the beneficiaries are very numerous, so that the delay and expense of bringing them in becomes oppressive and burdensome, they will not be deemed necessary parties, where the trustee or trustees representing them are made parties. In *Chicago, etc. Land Co. v. Peck,* 112 Ill. 408, we said (p. 435): 'Objection is taken that there were other necessary parties not made parties to the several bills,—that all the *cestuis que trust,* to-wit: the bondholders under the Jewett trust deed, should have been made parties by name. The general rule is, that all persons interested in the subject matter of the suit are to be made parties, and that the *cestuis que trust,* as well as the trustee, should be made parties to a foreclosure proceeding; but there is an established exception to this rule where the beneficiaries are very numerous, and certain parties to the suit are entitled to be deemed their full representatives. It has been laid down by Lord Redesdale as a general rule, that where any persons are made trustees for the payment of debts and legacies, they may sustain a suit, either as plaintiffs or as defendants, without bringing before the court the creditors or legatees for whom they are trustees, which in many cases would be impossible. Indeed, the impracticability of making the other persons parties would seem of itself a sufficient ground for dispensing with them. . . . We regard the present as a clear case within the exception to the general rule of equity pleading, that all persons interested in the subject matter of the suit must be made parties to the bill.' ''

It is urged by the appellants that the principles of equity and "of our free institutions" give them a remedy under section 19. Any remedy granted ·by sec-

tion 19 is a statutory one and is available only to those who bring themselves clearly within the provisions of the statute. The fact that certain persons such as those who are bound by the doctrine of representation do not come within that statute is no great hardship upon them, since they still have adequate remedies by way of bill of review or by writ of error. That no hardship has been done the appellants we desire to refer to the record which shows that the bill of complaint by Frederick E. Will et al., was filed on July 14, 1921, and that the decree sought to be opened up under section 19 of the Chancery Act was not entered until December 3, 1927, almost six and one-half years later. Appellants having been made parties complainant by representation had all this time within which to intervene in the case as parties complainant. In addition thereto, they had two years' time thereafter to come in by way of bill of review or writ of error. It is evident, therefore, that no principles of justice are violated in this cause by denying appellants the remedy under section 19.

The contentions of appellants that the decree was obtained by fraud and that they have a good defense to the cross-bill of complaint have nothing to do with the question at issue, inasmuch as a person's right to appear under section 19 does not depend upon the presence of any fraud.

We conclude, therefore, that the only question involved in this proceeding is as to whether or not a person who has not been made a party defendant to a cross-bill of complaint, either by name or as an unknown owner, who is, in fact, a complainant by the doctrine of representation, can avail himself of the right to open up a decree under section 19. We hold that section 19 when construed in connection with the other sections of the Act preceding, specifically limits the remedy to persons who have actually been made

parties defendant by name or as unknown owners; that in no event is this remedy applicable to defendants to a cross-bill of complaint, as distinguished from the original bill of complaint; that where a party has become bound by a decree under the doctrine of representation as a complainant, he cannot avail himself of the remedies of that section; that the appellants were bound by the decree under the doctrine of representation as parties complainant; and that no hardship is imposed upon them by denying the remedies under this section, inasmuch as they had a right, in the proper time, to get in by way of bill of review or writ of error.

On a former occasion we were called upon to construe said section 19. In *Schuster v. Elsner*, 250 Ill. App. 192, at page 201, we held: ''The purpose of section 19 is to afford relief to defendants who, (1) shall not have been served with summons, (2) all those who have not been served with a copy of the bill, (3) or received a notice of the pendency of the suit as provided for in section 12 of the Chancery Act, Cahill's St. ch. 22, ¶ 12. In other words the provisions of section 19 are available only to those who have been constructively served by some means known to the law, and do not apply to anyone upon whom no service of any kind has been made. Where no service has been had upon a defendant he is not bound by a decree and need take no notice of it. Where, however, he has been served by some of the known methods, he is bound by it and must take notice of it. If the service so made was constructive only then he may avoid the binding force of the decree by appearing in open court and asking leave to defend as provided in section 19 aforesaid.''

We are of the opinion that the order of the circuit court of Lake county entered in this cause should be affirmed, which is accordingly done.

*Order affirmed.*