ALICE M. GAFFNEY, Plaintiff-Appellant, *v.* SHELL OIL COMPANY *et al.*, Defendants—(NORMAN RAZOWSKY, d/b/a ONTARIO-DEARBORN SHELL SERVICE, Defendant-Appellee.)

(No. 58027;

First District (3rd Division)—May 16, 1974.

Van Emden, Busch and Van Emden, of Chicago (George J. Van Emden, of counsel), for appellant.

Brian B. Duff, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Alice Gaffney filed a complaint against the Shell Oil Company and Norman Razowsky. The action was brought on behalf of all purchasers of motor fuel who held Shell credit cards. Razowsky, the owner of the Ontario-Dearborn Shell Service, Chicago, who had sold $9.40 worth of gasoline to the plaintiff, was sued as the representative of all Shell service station operators in Illinois.

The complaint alleged that Shell, Razowsky and other Shell dealers unlawfully computed the Illinois use tax and State and municipal retailers' occupation taxes (sales taxes) upon the products they sold, by adding to the selling price the Federal petroleum products and State motor fuel taxes which were collected at the time of a sale, and then charging the plaintiff, and the class represented by her, sales taxes on the total. It was further alleged that the defendants remitted to the Illinois Department of Revenue only that portion of the sales tax collected on the products sold, and that they kept for themselves that portion of the sales tax which was collected on the motor fuel taxes. The complaint sought injunctive relief, an accounting and a refund to the plaintiff, and to all persons similarly situated, of the tax money the defendants collected illegally.

Both defendants filed motions to dismiss. Shell's motion was denied. Razowsky's motion was denied insofar as the complaint stated a cause of action against him as an individual, but it was sustained insofar as he was sued as the representative of all Shell service station operators in Illinois. The plaintiff appeals from the order which dismissed Razowsky in his representative capacity.

This suit can be termed a "double class" action— there is a plaintiff class and a defendant class. It is unique in that the individual designated as the representative of the defendant class has no direct association with the other members of his class. Although Shell service station operators have no common bond other than the fact that they are in the

same business and deal with the same company, the plaintiff contends there is no legal prohibition against suing them as a class and none against naming one of them as the representative of the whole class. Counsel for both the plaintiff and the defendant have informed us that no case bearing upon these contentions has reached the appellate level in Illinois, and that they have been unable to find a case elsewhere (absent statutory authorization) in which the designation of one person to defend many unassociated persons has been approved or disapproved.

■■ Generally, all persons interested in the subject matter of a suit should be made parties (*Green v. Grant* (1892), 143 Ill. 61) but equity has long recognized exceptions to the rule such as stockholder derivative suits; cases involving persons not in being, unknown parties, beneficiaries, heirs and bondholders; cases against unincorporated associations, and cases involving so many persons that their joinder as parties is impracticable. The last exception, commonly called a class action, is permitted if the number of those interested in the subject of the litigation is very large, if the expense and delay in bringing them into court would be oppressively burdensome and if it appears that they are properly represented so that their interests will receive actual and efficient protection. (*Weberpals v. Jenny* (1921), 300 Ill. 145, 133 N.E. 62; *Farmers' Loan & Trust Co. v. Lake Street Elevated R.R. Co.* (1898), 173 Ill. 439, 51 N.E. 55.) It is necessary that the purported representative and the absent parties have a common right or interest, the operation and protection of which will be for the common benefit of all and to the injury of none. *Hale v. Hale* (1893), 146 Ill. 227, 33 N.E. 858.

Members of plaintiff and defendant classes who are not parties to the action must be afforded due process (*Hansberry v. Lee* (1940), 311 U.S. 32) and the criteria used to determine this is the same for both classes. However, these criteria are more easily applied to plaintiff than to defendant class actions, and to the first issue in this case than to the second.

■■ There is no statutory law in Illinois governing class actions; case law controls and the Illinois cases differ as to whether a representative action can be maintained on behalf of a plaintiff class if each member of that class must make individual proof of his claim. (See, Tornquist, *Roadmap of Illinois Class Actions*, 5 Loyola L.J., 45, 53 (1974).) One line of authority holds that there can be no such action: *Newberry Library v. Board of Education* (1944), 387 Ill. 85, 55 N.E.2d 147; *Peoples Store of Roseland v. McKibbin* (1942), 379 Ill. 148, 39 N.E.2d 995; *Heller v. Fergus Ford, Inc.* (1973), 15 Ill.App.3d 868, 305 N.E.2d 352; *Reardon v. Ford Motor Co.* (1972), 7 Ill.App.3d 338, 287 N.E.2d 519. A second line of authority holds that multiple claims for damages in varying amounts which have to be separately adjudicated does not bar

a class suit if the other requirements of such a suit are present. (*Fiorito v. Jones* (1968), 39 Ill.2d 531, 236 N.E.2d 698; *Harrison Sheet Steel Co. v. Lyons* (1959), 15 Ill.2d 532, 155 N.E.2d 595; *Lee v. City of Casey* (1915), 269 Ill. 604, 109 N.E. 1062; *Rodriguez v. Credit Systems Specialists, Inc.* (1974), 17 Ill.App.3d 606, 308 N.E.2d 342; *Perlman v. First National Bank* (1973), 15 Ill.App.3d 784, 305 N.E.2d 236; *Hagerty v. General Motors Corp.* (1973), 14 Ill.App.3d 33, 302 N.E.2d 678.) Although members of the plaintiff class in the present case have a community of interest in recovering overpayments made to Shell retailers, each member would have to substantiate his own claim. Likewise, each member of the defendant class would have to resist distinct assertions of excess charges arising from unrelated transactions. By denying Shell's motion to dismiss, the trial court sanctioned the plaintiff class action. By granting Razowsky's motion to dismiss, the court tacitly disapproved the defendant class action.

Shell service station operators in Illinois are widely scattered throughout the State and are not members of any voluntary or involuntary association. Their only common interest is the retailing of Shell products. The basic allegation in the complaint was that Razowsky and members of the defendant class charged their customers sales and use taxes computed on the retail sales price of their products, and imposed at the time of each sale motor fuel and petroleum taxes which, instead of being remitted to the taxing authorities, were retained by the members themselves. This allegation, admitted by Razowsky's motion to dismiss, raised a question of fact and a question of law: is it true that Shell dealers collect and disburse taxes in the manner alleged and, if so, is this practice illegal? The determination of the latter issue will affect all members of the class who indulge in this practice. They would have a common interest in the resolution of the legal issue and the outcome of the litigation. Despite the dichotomy in Illinois decisions concerning separate transactions and individual proof of damages, in our opinion a defendant class action should not be defeated because members of the class may be called upon to make individual accountings of their sales. (*Cf. Hale v. Allinson* (1903), 188 U.S. 56.) While we recognize that thousands of transactions between hundreds of Shell dealers and their customers could not possibly be identical, it is not essential that they be alike in amount or in consistency as long as the liability for a refund has been determined. While the amounts will differ in each case, the collections would have occurred in the same way, the type of relief will be the same and the mathematical computations simple. It is enough that the previously decided questions of law and fact common to all transactions would not have to be re-litigated. Differences in the measure of damages

is not inconsistent with the desirability of common defense. (See *Peters v. International Harvester Co.* (1946), 248 Wis. 451, 22 N.W.2d 518; *Weeks v. Bareco Oil Co.* (1941), 125 F.2d 84; *Kainz v. Anheuser-Busch, Inc.* (1952), 194 F.2d 737, *cert. denied,* 344 U.S. 820 (1952); *Independence Shares Corp. v. Deckert* (1939), 108 F.2d 51, reversed on other grounds, 311 U.S. 282 (1940).) The defendants' contention that each dealer might have distinct equitable defense has not been substantiated. Something more than the mere assertion that hypothetical issues exist is required to bar the action. (*Harrison Sheet Steel Co. v. Lyons.*) There do not appear to be such defenses available and the defendant has not pointed out any possible ones.

██ In the final analysis, the propriety of a class action—plaintiff, defendant or both—depends upon a finding that due process will be accorded the members of the class who are not before the court. Due process requires the protection of all absent parties who will be bound by the proceeding. (*Hansberry v. Lee; Newberry Library v. Board of Education.*) Implicit in the trial court's decision that designating Razowsky as the party defendant was improper, was the finding that permitting him to stand as the lone representative of the Shell dealers in Illinois would be an infringement upon their right to due process. The decision was no reflection on Razowsky nor on his attorney's qualifications, experience or ability. The court merely recognized the disproportion between the single defendant and the total members of the class and, furthermore, that he was neither their agent nor their spokesman.

██ Cases in which an individual plaintiff claimed to represent a large class are plentiful; cases in which a loan defendant has been sued as the representative of a large class are not. Outside of the traditional suits against trustees representing bondholders, creditors, beneficiaries and the like, class suits against an individual have been approved only in cases brought under statutes authorizing the procedure or in cases where the individual sued has a definite, significant relationship to the class he is supposed to represent. Thus in Illinois, where an unincorporated association cannot be sued in its own name (*Boozer v. U.A.W. of America* (1972), 4 Ill.App.3d 611, 279 N.E.2d 428) a class suit is permitted against an officer of the association, as the representative of its membership, if his position is one of sufficient authority. In *Biller v. Egan* (1937), 290 Ill.App. 219, 8 N.E.2d 205, the court declared that the real test of adequate class representation is not the number of persons who have been named as defendants but the nature of the relationship of the defendant to the class. Service upon the secretary of a voluntary association composed of many members, was held sufficient to give jurisdiction of a suit in equity against the association in *Fitzpatrick v. Rutter* (1896), 160

Ill. 282, 43 N.E. 392. A suit against the manager of an insurance exchange (a voluntary, unincorporated association) composed of five or six hundred subscribers was held to be sufficient to bind the entire membership in *Warfield-Pratt-Howell Co. v. Williamson* (1908), 233 Ill. 487, 84 N.E. 706.

A single defendant has also been permitted in other jurisdictions under special circumstances. In the Wisconsin case of *Pipkorn v. Village of Brown Deer* (1960), 9 Wis.2d 571, 101 N.W.2d 623, one defendant was named as the representative of certain beneficiaries of a water trust which had been created for the benefit of lot owners of a subdivision. The defendant had been the trustee of the water system and it was his action while in office that gave rise to the plaintiffs' complaint. Because of this, it was held that he was in a better position than any other beneficiary to represent them and to justify his conduct in office; that his interest was similar to the unnamed defendants and he was the logical person to represent them.

In *City of St. Ann v. Buschard* (1957), 299 S.W.2d 546, the plaintiff, a city in Missouri, filed an action for a declaratory judgment authorizing it to annex an adjoining area of 750 acres. About 2,000 people lived in the proposed-to-be-annexed area, but only one resident, Lewis Buschard, was named a defendant and, as such, the representative of all the inhabitants. Buschard contested the action on its merits, but did not contest, in either the trial court or the St. Louis Court of Appeals, his designation as the sole representative of his fellow-residents. The reviewing court, however, felt compelled to comment on this phase of the case. It pointed out that the State statute under which the annexation was sought specifically provided that the action should be a class action against the inhabitants of the unincorporated area, and if the persons constituting the class "* * * are very numerous or it is impracticable to bring them all before the court, such of them, one or more, as will fairly insure adequate representation of all may, on behalf of all, sue or be sued * * *." The court further noted that the statute was supplemented by a rule of the Missouri Supreme Court which stated that whenever an action was instituted "against one or more defendants as representative or representatives of a class, the petition shall allege such facts as shall show that * * * the defendants * * * have been fairly chosen and adequately and fairly represent the whole class. The plaintiff shall be required to prove such allegations, * * * and it shall not be sufficient to prove such facts by the admission or admissions of the defendants who have entered their appearance." The reviewing court held, upon the record made in the case, that Buschard did fairly represent the class and that the requirements of the statute and rule

had been satisfied. However, the court made it clear that it did not intend by its decision to encourage the selection of a sole defendant to represent a class in the type of action before it. The court observed that the larger the number defending the class the more likely that the representation would be adequate. In a later case, the same court expressed the same doubt about the naming of one person as a group representative. *City of Lebanon v. Holman* (1966), 402 S.W.2d 832.

The minimum number of defendants required to insure adequate representation of a class varies from case to case and each case must be decided on its own merits. Three members of a church society were held to truly represent the 900 members in *Ross v. Gerung* (1954), 69 So.2d 650. The three members, however, were the pastor, the chairman of the board of trustees and a deacon of the church. The contention that 28 defendants out of a class of 3,200 did not truly represent the class was rejected in *Richardson v. Kelly* (1945), 144 Tex. 497, 191 S.W.2d 857. In Illinois, 100 defendants out of 6,200 inhabitants of the City of Zion, including 1,500 to 1,800 landowners who might have had a special interest in the litigation, were held to be a sufficient number to insure fair representation to the entire class. *In re Petition of Whellock* (1933), 270 Ill.App. 87.

■■ Ultimately, the decision as to the quality and the quantity of the representation rests in the broad discretion of the trial court. A proposed class action must be closely examined and allowed only when complete justice is assured. When the right to proceed is doubtful, permission should be refused. (*Reardon v. Ford Motor Co.*) It has been suggested that the opportunities for improper practices in a defendant class suit—such as handpicking a favorable defendant—requires the application of extraordinary scrutiny to those selected by the plaintiff to represent the defendant class. Gordon, 42 Ill.L.Rev. 518 (1947-1948).

While it is uniformly stated that one member of a class may sue or defend for the benefit of the whole class (59 Am.Jur.2d *Parties*, sec. 48, pp. 411-412; Story, Equity Pleadings (10th Ed.) sec. 97) the right to sue cannot be equated with the duty to defend. There are significant distinctions between permitting one person to sue on behalf of a class and compelling one person to defend as the representative of a class. An individual who initiates a class action does so voluntarily. He willingly assumes the plaintiffs' burden to correct a wrong, assert a right, recover funds or obtain damages in the expectation that he and his counsel (See Andrews, *The Class Action Bar*, Juris Doctor, Jan. 1974, p. 18) will profit or at least be compensated for their zeal and labor. However, an individual who is singled out as the representative of a defendant class is involuntarily shackled with a heavy responsibility. He

must protect not only himself but innumerable other people. He must retain an attorney and spend time and money in the preparation of a defense which will do justice to people he does not know and then must represent their interests in a trial of uncertain duration. Further, unlike a plaintiff class action when its object is a money judgment, no fund becomes available to the defendant class to cover its costs in the event it is successful. (Gordon, 42 Ill. L. Rev. 518 (1947-1948).) If the plaintiff is unable to pay the costs which the defendant has a right to recover, the defendant will have a right without a remedy. Tornquist, 5 Loyola L.J. 45 (1974).

■ The entire economic burden of defending the present suit was thrust upon one man, Razowsky. His financial stake in the outcome of the suit was not shown to be greater than that of any other of the hundreds of Shell dealers in Illinois. No allegation was made in the complaint as to why he was the proper representative of the dealers or why other dealers were not joined as defendants. The complaint merely stated that Razowsky was "representative of all the numerous class of lessees of defendant Shell, all of whom add Illinois sales tax to the selling price of motor fuel which includes motor fuel taxes, but do not remit to the Department of Revenue all sales tax collected." Even giving this conclusory allegation all benefit of the doubt, and judging it liberally by the standard applicable to a motion to dismiss, it was woefully deficient in supplying information upon which the court could determine that Razowsky was a proper representative of the defendant class.

The order dismissing Razowsky in his representative capacity is affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.