GREGORY BAKSINSKI *et al.*, Plaintiffs, v. JOHN B. W. COREY *et al.*, Defendants (The City of Chicago, Intervening Plaintiff-Appellant; Northwestern University *et al.*, Defendants-Appellees).

First District (4th Division)   No. 87—0883

Opinion filed February 18, 1988.

McMORROW, J., dissenting.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch, Joel D. Stein, and Amy L. Beckett, Assistant Corporation Counsel, of counsel), for appellant.

Sidley & Austin, of Chicago, and Martha P. Mandel, of Northwestern University, of Evanston (Arlene C. Erlebacher and David B. Johnson, of counsel), for appellee Northwestern University.

Sidley & Austin, of Chicago (Arlene C. Erlebacher and David B. Johnson, of counsel), for appellee YMCA of Chicago.

Sidney Z. Karasik, of Chicago, for plaintiff Gregory Baksinski.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, the City of Chicago (City), brought a defendant class action in the circuit court of Cook County against several putative classes of charitable organizations. The City sought to collect sewer

charges from these organizations under the Sewer Revenue Fund Ordinance (Chicago Municipal Code ch. 185.1 (1984)). Prior to the trial court's certification of the defendant classes, two of the named class representatives, defendants Northwestern University (Northwestern) and the Young Men's Christian Association of Metropolitan Chicago (YMCA), sought exclusion from their putative classes. The trial court granted their petition and excluded them from their putative classes.

Pursuant to the City's motion, the trial court certified the following question for review: ·

"May a named defendant class representative 'opt out,' that is, petition for exclusion from its putative class, pursuant to section 2—804 of the Illinois Code of Civil Procedure [Ill. Rev. Stat. 1985, ch. 110, par. 2—804]?"

We reverse the order of the trial court and remand with directions.

BACKGROUND

The Chicago Sewer Revenue Fund Ordinance imposes a charge for sewer service and the use of the City's sewerage system. The ordinance imposes the charge on all sewer users. The City uses the revenues of the fund to operate and repair the sewer system. Chicago Municipal Code ch. 185.1 (1984).

The record shows that Gregory Baksinski and other taxpayers began this class action. These taxpayers sought the accounting and collection of allegedly overdue sewer charges from all organizations that the Chicago Municipal Code exempts from paying water rates but not sewer charges. The taxpayers named four classes of defendants, with a representative from each class: Northwestern, representing all educational institutions; the YMCA, representing all charitable institutions; the Fourth Presbyterian Church, representing all religious institutions; and Edgewater Hospital, representing all not-for-profit hospitals. The taxpayers also named the City as a defendant.

The trial court subsequently granted the City's motion to realign itself as an intervening plaintiff. The City filed its own defendant class action complaint against the same four classes of defendants, and subsequently moved to certify them. Prior to the trial court's certification of the classes, the Roman Catholic Archdiocese of Chicago petitioned the trial court for exclusion from the putative class of religious institutions. The trial court granted the petition.

Still prior to certification, Northwestern and the YMCA next petitioned the trial court for exclusion from their putative classes. On January 23, 1987, the trial court granted their petition and excluded each from its respective class. On March 12, 1987, the trial court certified

the above-quoted question for review. We granted leave to appeal (107 Ill. 2d R. 308), and we now answer the question in the negative.

OPINION

■ We note at the outset our scope of review. A reviewing court should limit an interlocutory appeal under Supreme Court Rule 308 (107 Ill. 2d R. 308) to the question certified by the trial court. (*People v. Pollution Control Board* (1984), 129 Ill. App. 3d 958, 965, 473 N.E.2d 452, 456-57.) The question certified for review in this case asks whether a named defendant class representative may "opt out," *i.e.*, petition for exclusion from its class, pursuant to section 2—804 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—804.) This is a question of statutory construction, thus a question of law for the court to determine. *Johnson v. City of Evanston* (1976), 39 Ill. App. 3d 419, 423, 350 N.E.2d 70, 74.

A

Section 2—804 of the Code of Civil Procedure provides as follows:

"Sec. 2—804. Intervention by and exclusion of class members.

(a) Intervention. Any class member seeking to intervene or otherwise appear in the action may do so with leave of court and such leave shall be liberally granted except when the court finds that such intervention will disrupt the conduct of the action or otherwise prejudice the rights of the parties or the class.

(b) Exclusion. Any class member seeking to be excluded from a class action may request such exclusion and any judgment entered in the action shall not apply to persons who properly request to be excluded." (Ill. Rev. Stat. 1985, ch. 110, par. 2—804.)

The record shows that the trial court interpreted the language in subsection (b), which allows "[a]ny class member" to ask to be excluded from the class, to include defendant class representatives.

The City argues that the class action statute, viewed as a whole, does not allow defendant class representatives to opt out of a class action. Northwestern and the YMCA, however, agree with the trial judge that "[a]ny class member" necessarily includes defendant class representatives.

■ In construing statutes, the judicial role is to ascertain and give effect to the intent of the legislature. Examining the entire statute, a court will seek the legislative intent not only in the plain language of the statute, but also in the objectives of the legislation and the evils it sought to remedy. (*City of Springfield v. Board of Election Commis-*

*sioners* (1985), 105 Ill. 2d 336, 340-41, 473 N.E.2d 1313, 1315.) Additionally, courts consider the historical and practice notes to the annotated statutes helpful when ascertaining the legislative intent. *Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 212, 443 N.E.2d 563, 565.

■ Further, a court assumes that the legislature intended to enact an effective law. Therefore, the court should interpret the statute or provision so as to give it efficient operation and effect as a whole, if reasonably possible without doing violence to the language and spirit of the statute. A court should avoid an interpretation under which the statute or provision is defeated or "nullified, destroyed, emasculated, repealed, explained away, or rendered insignificant, meaningless, inoperative, or nugatory." *Pliakos v. Illinois Liquor Control Comm'n* (1957), 11 Ill. 2d 456, 459-60, 143 N.E.2d 47, 49.

Illinois courts allowed class actions generally long before the enactment of the class action statute. (Ill. Ann. Stat., ch. 110, par. 2—801, Historical and Practice Notes, at 87 (Smith-Hurd 1983).) The status of defendant class actions, however, was uncertain at common law. For example, in *Arthur Rubloff & Co. v. Leaf* (1952), 347 Ill. App. 191, 196, 106 N.E.2d 735, 737, this court held that a defendant class action was not maintainable at law. However, in *Gaffney v. Shell Oil Co.* (1974), 19 Ill. App. 3d 987, 993-94, 312 N.E.2d 753, 758-59, we implicitly recognized the defendant class action in theory, yet also stressed that the law disfavors defendant class actions and requires heightened scrutiny in certifying them. Ill. Ann. Stat., ch. 110, par. 2—801, Historical and Practice Notes, at 88-89 (Smith-Hurd 1983).

In 1977, our legislature enacted the class action statute to regulate the maintenance of class actions. (1977 Ill. Laws 2377.) Under the statute, once a court finds that the parties have satisfied the four statutory prerequisites, "[a]n action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class." (Ill. Rev. Stat. 1985, ch. 110, par. 2—801.) The statute expressly imposes the same requirements on defendant class actions as plaintiff class actions. This background demonstrates that the class action statute grants defendant class actions the same status as plaintiff class actions. Consequently, the argument of Northwestern and the YMCA, that courts view defendant class actions with great skepticism, is without merit.

■ Defendants, by definition, are involuntary and unwilling parties to litigation generally. This is equally true in defendant class actions. Such actions would be substantially more difficult if defendant class representatives were allowed to opt out of representing their fel-

low defendants. This is why the historical and practice notes expressly state that "[w]hile the subsection [b] is silent on the subject, it does not give a representative party the right to opt out." (Ill. Ann. Stat., ch. 110, par. 2—804, Historical and Practice Notes, at 130 (Smith-Hurd 1983).) To hold otherwise would render meaningless the legislature's express recognition of defendant class actions. Consequently, the argument of Northwestern and the YMCA, that defendant class actions violate the first amendment to the United States Constitution, is without merit. We hold that a named defendant class representative may not opt out, *i.e.*, petition for exclusion from its class, under section 2—804 of the Code of Civil Procedure. Ill. Rev. Stat. 1985, ch. 110, par. 2—804.

B

■ Northwestern and the YMCA present several additional arguments as to why it would be inappropriate for each to represent its respective class. These contentions involve basically the adequacy of Northwestern's and the YMCA's representation. These arguments are premature; the trial court has not certified the defendant classes. The certification of a class is within the sound discretion of the trial court, which a reviewing court will disturb only if the trial court abused its discretion or applied impermissible legal criteria. (*Wenthold v. AT&T Technologies, Inc.* (1986), 142 Ill. App. 3d 612, 616, 491 N.E.2d 1263, 1266.) It is for the trial court to determine the propriety of Northwestern's and the YMCA's representation, according to the four prerequisites in section 2—801 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—801.) As a result, we must reject Northwestern's and the YMCA's attack on the propriety of the class action at this stage of the proceedings.

For the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause remanded with directions that the court proceed with the City's motion to certify the defendant classes.

Reversed and remanded with directions.

JIGANTI, P.J., concurs.

JUSTICE McMORROW, dissenting:

Section 2—804 of the Illinois Code of Civil Procedure provides in pertinent part, "Any class member seeking to be excluded from a class action may request such exclusion and any judgment entered in the action shall not apply to persons who properly request to be excluded."

(Ill. Rev. Stat. 1985, ch. 110, par. 2—804(b).) Because I conclude that section 2—804 grants to the trial court the discretion to permit a defendant representative to be excluded from a defendant class action suit, I respectfully dissent.

In *Gaffney v. Shell Oil Co.* (1974), 19 Ill. App. 3d 987, 312 N.E.2d 753, the court held that a trial court may properly exercise its discretion in allowing a defendant, whom plaintiff's complaint has specified as representative of a purported defendant class action suit, to be excluded from the defendant class. In reaching this conclusion, the *Gaffney* court found significant that the plaintiff's complaint specified only one defendant as representative of a large class of defendants, the defendant's "financial stake in the outcome of the suit was not shown to be greater than that of any other of the hundreds of" defendants who were absent, and there was no allegation of "why [defendant] was the proper representative *** or why other[s] *** were not joined as defendants." (*Gaffney*, 19 Ill. App. 3d at 994, 312 N.E.2d at 759.) These criteria are central to a determination of whether a particular defendant is properly named as representative by a plaintiff's pleading. Based upon these considerations, a trial court's exercise of its discretion to allow a defendant's motion to be excluded from a defendant class action alleviates the potential for abuse by a plaintiff or harm to a defendant inherent to a defendant class action. (See *Cardunal Savings & Loan Association v. Kramer* (1984), 99 Ill. 2d 334, 342-43, 459 N.E.2d 929, quoting *Gaffney*, 19 Ill. App. 3d at 993-94, 312 N.E.2d at 758-59.) As the court observed in *Gaffney*:

> "Ultimately, the decision as to the quality and the quantity of the representation [in a defendant class action suit] rests in the broad discretion of the trial court. A proposed class action must be closely examined and allowed only when complete justice is assured. When the right to proceed is doubtful, permission should be refused. (*Reardon v. Ford Motor Co.* [(1972), 7 Ill. App. 3d 338, 287 N.E.2d 519].) It has been suggested that the opportunities for improper practices in a defendant class suit—such as handpicking a favorable defendant—require the application of extraordinary scrutiny to those selected by the plaintiff to represent the defendant class. Gordon, 42 Ill. L. Rev. 518 (1947-1948).
>
> While it is uniformly stated that one member of a class may sue or defend for the benefit of the whole class (59 Am. Jur. 2d *Parties*, §48, pp. 411-412; Story, Equity Pleadings (10th Ed.) §97) the right to sue cannot be equated with the duty to defend. *There are significant distinctions between permitting one per-*

*son to sue on behalf of a class and compelling one person to defend as the representative of a class.* An individual who initiates a class action does so voluntarily. He willingly assumes the plaintiffs' burden to correct a wrong, assert a right, recover funds or obtain damages in the expectation that he and his counsel ([s]ee Andrews, *The Class Action Bar*, Juris Doctor, Jan. 1974, p. 18) will profit or at least be compensated for their zeal and labor. However, an individual who is singled out as the representative of a defendant class is involuntarily shackled with a heavy responsibility. He must protect not only himself but innumerable other people. He must retain an attorney and spend time and money in the preparation of a defense which will do justice to people he does not know and then must represent their interests in a trial of uncertain duration. Further, unlike a plaintiff class action when its object is a money judgment, no fund becomes available to the defendant class to cover its costs in the event it is successful. (Gordon, 42 Ill. L. Rev. 518 (1947-1948).) If the plaintiff is unable to pay the costs which the defendant has a right to recover, the defendant will have a right without a remedy. Tornquist, 5 Loyola L.J. 45 (1974)." (Emphasis added.) 19 Ill. App. 3d at 993-94, 312 N.E.2d at 758-59.

In the instant case, the clear language of section 2—804(b) of the Code supports the trial court's exercise of its discretion in allowing the named defendants to be excluded as representatives of the class. By adopting the extreme position that a defendant representative may *never* be permitted to opt out of the class, the majority places a defendant representative at substantial risk that he may be forced into the untenable position of representing others with conflicting interests and adverse defenses. This result also poses serious problems regarding constitutional rights to free association, as well as professional ethics. In my view, the trial court correctly refused to compel an unwilling representation by the defendants designated in plaintiff's complaint.

Neither the express terms of section 2—804(b) nor principles of statutory construction support the majority's assumption that the Illinois legislature's codification of procedures for class action certification sought to overturn established case precedent and the sound principles enunciated therein.

For these reasons, I answer affirmatively the certified question and respectfully dissent.