316

GREGORY BAKSINSKI *et al.* v. JOHN B.W. COREY *et al.* (The City of Chicago, Appellee, v. Northwestern University *et al.*, Appellants).

*Opinion filed March 22, 1989.*

CALVO, J., took no part.

Martha P. Mandel, of Evanston, for appellant Northwestern University.

Arlene C. Erlebacher and David B. Johnson, of Sidley & Austin, of Chicago, for appellants Northwestern University and YMCA of Metropolitan Chicago.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Jeffrey P. Smith, of counsel),

for appellee.

JUSTICE WARD delivered the opinion of the court:

Plaintiff City of Chicago brought an action in the circuit court of Cook County to recover fees under the Sewer Revenue Fund Ordinance (Chicago Municipal Code §185.1 (1984)) from classes, *inter alia*, of educational and charitable institutions that allegedly had failed to pay properly assessed fees for use of the City's sewer system. Defendants Northwestern University and the Young Men's Christian Association of Metropolitan Chicago (YMCA) (hereafter, the defendants) were named both individually and as representative parties for the proposed educational and charitable institutional classes. Before a ruling had been made on the City's motion to certify the classes, the trial court granted the defendants' motion to "opt out" of the action, that is, to be excluded from the class under section 2—804(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—804(b)). The plaintiff moved for and was granted certification for an interlocutory appeal of the trial court's order pursuant to our Rule 308 (107 Ill. 2d R. 308), and the appellate court, with one justice dissenting, reversed (173 Ill. App. 3d 1016) the trial court's order permitting the defendants to opt out. This court granted the defendants' petition for leave to appeal under Rule 315(a) (107 Ill. 2d R. 315(a)).

On August 11, 1983, Gregory and Edward Baksinski, as taxpayers, filed a class action complaint in the circuit court of Cook County against several of the officials of the City of Chicago alleging that numerous educational, charitable and religious institutions which utilized the City's sewer system were being improperly exempted under the Sewer Revenue Fund Ordinance (see Chicago Municipal Code §185.1 (1984)) from payment of sewer-usage charges. The plaintiffs requested an accounting

and a mandatory injunction requiring officials of the City to collect the fees. The complaint named Northwestern University as a defendant in its individual capacity and as the representative of a class of defendants to consist of all educational institutions:

> "who own, operate and maintain buildings in the City of Chicago, who are users and consumers of water supplied by the City of Chicago and utilize the sewer system of said City, who have been exempted from the payment of City water charges, but expressly not exempt from the payment of the City's sewer usage fees, and have not paid any sewer usage fees from the time of the enactment of the aforesaid ordinance ***."

Defendant YMCA and the Fourth Presbyterian Church were named the representatives of proposed classes of charitable and religious institutions which were also being allegedly improperly exempted by the City from the payment of sewer-usage charges. The complaint also named the Edgewater Hospital as the representative of similarly situated nonprofit hospitals. We, however, are concerned only with the question of opting out at this stage, which the defendants have raised; there is no question before us as to the Fourth Presbyterian Church or Edgewater Hospital.

The City was later granted leave to intervene and align itself as a plaintiff. It then filed a class action complaint designating as defendants the same classes named in the Baksinskis complaint and similarly designating the defendants as the representatives of those classes.

The defendants filed an answer to the plaintiffs' complaints asserting, as an affirmative defense, that a class action was an "improper means for the City to collect allegedly delinquent sewer charges from individual members of the defendant class[es]" and that the defendants were not the "proper part[ies] to be appointed as representative[s] of the purported defendant class[es] because

[they are not] similarly situated to the other class members." Specifically, the defendants argued that unlike other members of the putative classes, they had been billed for and paid both water and sewer charges on certain of their properties and further that their respective legislative charters exempt them from taxation. Related to the contention regarding charters, the defendants filed a counterclaim against the City seeking a declaration that they are exempt from all past and present sewer charges on the ground that their legislative charters provide exemption.

On August 15, 1986, the City filed a motion to certify the defendant classes. While that motion was pending, the defendants filed a motion to opt out of the action under section 2—804(b) of the Code of Civil Procedure, which provides:

"Any class member seeking to be excluded from a class action may request such exclusion and any judgment entered in the action shall not apply to persons who properly request to be excluded." Ill. Rev. Stat. 1985, ch. 110, par. 2—804(b).

The defendants argued that they were not the proper parties to represent their respective classes due to a conflict of interest between their interests and the interests of the proposed classes. The defendants asserted that they intended to argue that the ordinance imposes a tax for the use of the City's sewer services and that their respective legislative charters exempted them from the imposition of all municipal taxation. This defense, they said, would be antithetical to the interests of those members of the class that do not have legislative charter tax exemptions and do not have the defenses available to the defendants.

Over the plaintiffs' objections, the trial court granted the defendants' motion to opt out of the action. The court also found under Rule 308 (107 Ill. 2d R. 308) that

its order involved a substantial ground for difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation. The court identified the following question for interlocutory appeal pursuant to our Rule 308:

"May a defendant class representative 'opt out,' that is, petition for exclusion from the putative class pursuant to section 2—804 of the Illinois Code of Civil Procedure."

The appellate court, with one justice dissenting, reversed (173 Ill. App. 3d 1016), answering the question certified in the negative. The court also held that the defendants' objections to representing the defendant classes were premature on the ground that their arguments pertained to the issue of class certification, which had yet to be considered by the trial court at the time it granted the defendants' motion to opt out.

The defendants contend that the appellate court erred in reversing the decision of the circuit court permitting them to opt out of the action. They say that the plain language of section 2—804(b) grants any member of a class the right to request exclusion from the class and, as a class representative is a member of the class, they should be permitted to opt out of the action here.

The problem with the defendants' position is that they misread the content of section 2—804(b). It provides that any class member may request exclusion from the class. Here there are no class members, as no class has been certified, and indeed there may never be a class as contemplated. Simply, there is no class from which plaintiffs are seeking to be excluded. *Sweeney v. Citicorp Person-to-Person Financial Center, Inc.* (1985), 137 Ill. App. 3d 1023, 1027.

We consider that the question as framed by the trial court under Rule 308 was premature and should not have been addressed by the appellate court, because, though a motion for certification had been made, the

class had not been certified. Thus, in the circumstances under which this case is before us, it is not appropriate to consider the trial court's question whether the defendants here as class representatives may "opt out" and the appellate court's response to the question.

We will affirm, however, the portion of the appellate court's judgment holding that the motion to be excluded from the class was premature.

The defendants argue, however, that even if they are not allowed to opt out, they should not be forced to represent the proposed class members on the issue of class certification when it is clear, they say, that they cannot, because of a conflict of interest, adequately defend the interests of the class members on the merits. They will not, however, be forced to represent other proposed members of the class. A requirement to the maintenance of a class action is that the representative party will be able to fairly and adequately represent the interests of the members of the class. (See Ill. Rev. Stat. 1985, ch. 110, par. 2—801(3).) Thus, if the conflict that the defendants suggest is shown, the course for the defendants is, of course, to oppose class certification. The course was not to attempt to opt out before there was a class. Section 2—802 of the Code commands that "[a]s soon as practicable after the commencement of an action *** the court shall determine by order whether it may be so maintained and describe those whom the court finds to be members of the class." (Ill. Rev. Stat. 1985, ch. 110, par. 2—802; see also *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314.) A motion to certify was made early in this proceeding but no ruling on the motion has been made. The course of proceeding taken by the parties has not been conducive to readying the motion for disposition, but we are confident the parties can expeditiously complete what is required to permit the trial court to rule on the motion.

As limited above, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE CALVO took no part in the consideration or decision of this case.