ANTHONY ARDAGH CASSIDY, Plaintiff-Appellee, v. FORUM INSUR-
ANCE COMPANY, Defendant-Appellant (Will Darrah and Associates, Inc.,
*et al.*, Defendants).

First District (2nd Division)   No. 1—89—2397

Opinion filed September 25, 1990.

Bernard Harrold, James D. Fiffer, and James T. Nyeste, all of Wildman,
Harrold, Allen & Dixon, of Chicago, for appellant.

Thomas S. White, Gregory D. Hopp, and Helen Ryan Savaiano, all of
Peterson, Ross, Schloerb & Seidel, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Defendant, Forum Insurance Company (Forum), brings this inter-
locutory appeal pursuant to Illinois Supreme Court Rule 308 (134 Ill.
2d R. 308). Plaintiff, Anthony Ardagh Cassidy (Cassidy), filed a com-
plaint against Forum and certain other defendants not involved in this
appeal, alleging breach of certain contracts of reinsurance and breach
of fiduciary duty. In his complaint, Cassidy attempted to bring suit in
both an individual and representative capacity. Forum filed a motion

to dismiss the representative claims on the basis that Cassidy did not have the requisite capacity to bring them. The trial court denied Forum's motion to dismiss and thereafter granted Forum's motion for a Rule 308(a) finding. The trial court certified the following question for review:

> "Can a person who is an underwriter at Lloyd's, London and a subscriber appear as a plaintiff on his own behalf and as the authorized representative of other persons who as Names subscribed to the very contractual undertakings at issue?"

This court granted Forum's petition for leave to review this question.

Cassidy is an individual member (referred to as a Name) of Lloyd's, London (Lloyd's) Syndicate 582. Cassidy is also the active underwriter of that syndicate and the lead underwriter of the reinsurance program that motivates this appeal.

The Lloyd's corporation does not operate in the same manner as a United States' corporation. Lloyd's provides a physical site for its members to conduct the buying and selling of insurance risks. None of these risks falls upon the corporation but upon its individual members.

The members or Names are individual investors that do not actively participate in the Lloyd's business. Rather, upon applying for a membership with Lloyd's, the Names invest a sum of money and delegate complete authority to conduct the Lloyd's affairs to a member's agent. The member's agent in turn contracts with a managing agency to place the new member in a group comprised of two to several hundred other individual Names. The group is referred to as a syndicate. An employee of the managing agency conducts the affairs of the syndicate on behalf of the individual members of the syndicate. This employee is referred to as the active underwriter for the syndicate.

A syndicate's active underwriter, such as Cassidy, acts on behalf of his syndicate in the buying and selling of insurance risks. The active underwriter is approached by a Lloyd's broker with potential contracts of insurance or reinsurance. The active underwriter evaluates, negotiates and ultimately places insurance by signing his name to the contract presented to him by the Lloyd's broker. He negotiates and contracts with the Lloyd's broker for the portion of risk that his syndicate will assume. In this manner, he has the authority to and does bind the individual members of his syndicate to assume the negotiated risk and receive the negotiated premiums.

The Lloyd's brokers act as agents of clients who want to have their insurance programs underwritten by Lloyd's members. The brokers approach various active underwriters and attempt to contract with them for their syndicates to bear a certain percentage of the

risk. In this manner, the underwriters of a particular insurance policy may consist of a number of Lloyd's syndicates, each bearing a certain percentage of the total risk involved in the insurance policy. However, the first active underwriter that the broker approaches and with whom he contracts becomes the lead underwriter on that policy. When problems develop with respect to that policy or it becomes necessary to enforce the terms of the policy, it is the lead underwriter that deals with the Lloyd's broker and his client. Should litigation become necessary, the lead underwriter, acting on behalf of the other syndicates, designates the individual in whose name a lawsuit will be brought. See *Travelers Indemnity Co. v. Booker* (D.D.C. 1987), 657 F. Supp. 280; *Syndicate 420 at Lloyd's London v. Early American Insurance Co.* (5th Cir. 1986), 796 F.2d 821; *Honey v. George Hyman Construction Co.* (D.D.C. 1974), 63 F.R.D. 443; *Edinburgh Assurance Co. v. R.L. Burns Corp.* (C.D. Cal. 1979), 479 F. Supp. 138.

In the case at bar, a Lloyd's broker, acting in an agency capacity for Forum, approached Cassidy seeking the participation of his syndicate in a reinsurance program. Forum, an American insurance company, sought to have Lloyd's underwrite a nationwide program of commercial automobile and general liability insurance that it was conducting (the program). Cassidy, on behalf of his syndicate, agreed to reinsure Forum for a percentage of the risk involved in the program. Thereafter, the broker contracted with various other active underwriters, on behalf of their syndicates, to accept the remaining percentage of the risk. Cassidy was the lead underwriter on this program.

The program ultimately generated large losses, and Cassidy filed the complaint involved in the case at bar against Forum and various other defendants, alleging breach of the insurance contracts involved in the program and breach of fiduciary duty. Cassidy brought these causes of action "individually and on behalf of all those Underwriters at Lloyd's, London" subscribing to the insurance policies that comprised the reinsurance program. The complaint further alleged that "Underwriters from all the other syndicates that subscribed to the contracts at issue have elected to pursue this litigation on behalf of their respective syndicates. Each has, in turn, designated Cassidy as his syndicate's representative in this litigation, and each has authorized Cassidy to take any actions he deems proper." Attached to the complaint was an affidavit reciting this allegation, signed by the active underwriters of each syndicate subscribing to the policies involved in the program.

Forum answered the complaint and counterclaimed against Cassidy and other defendants. The counts against Cassidy alleged breach

of fiduciary duty, fraud and breaches of various contracts. Additionally, Forum filed a motion to dismiss the representative claims of Cassidy's complaint on the basis that Cassidy does not have the capacity to bring such claims. After hearing arguments, the court denied Forum's motion to dismiss. Thereafter, the court granted Forum's motion for a Rule 308(a) finding and certified the above question for review.

It is undisputed that Cassidy has standing to conduct this litigation, being an individual Name member of his syndicate. What is in dispute is whether Cassidy has the capacity to sue as a representative of the other individual Names which comprise both his syndicate and those other syndicates subscribing to the policies at issue.

Forum argues that Cassidy lacks this capacity. The thrust of Forum's argument is that Cassidy must proceed by way of a class action (Ill. Rev. Stat. 1989, ch. 110, par. 2—801) or joinder (Ill. Rev. Stat. 1989, ch. 110, par. 2—404).

Cassidy denies this allegation and cites case law permitting stockholder derivative suits and unincorporated associations to proceed in equity without proceeding by way of a class action or joinder. (See *Gaffney v. Shell Oil Co.* (1974), 19 Ill. App. 3d 987, 989, 312 N.E.2d 753.) Cassidy contends that courts permit Lloyd's active and lead underwriters to sue and be sued in a representative capacity because of the design of the Lloyd's system. See *New Amsterdam Casualty Co. v. Certain Underwriters at Lloyd's, London* (1966), 34 Ill. 2d 424, 216 N.E.2d 665; *Stone v. Those Certain Underwriters at Lloyd's, London, Subscribing to Cover Note No. SL 10001* (1980), 81 Ill. App. 3d 333, 401 N.E.2d 622, *appeal denied* (1980), 81 Ill. 2d 587; *Carey v. East Detroit Jaycees, Inc.* (E.D. Mich. 1987), 660 F. Supp. 1577; *Sharp v. Federal Savings & Loan Insurance Corp.* (5th Cir. 1988), 858 F.2d 1042; *R.H.R. Rokeby-Johnson v. Aquatronics International, Inc.* (1984), 159 Cal. App. 3d 1076, 206 Cal. Rptr. 232.

The issue of whether or not a Lloyd's active underwriter may sue in a representative capacity has been addressed by the Federal courts in *Austin v. Koch Truck Lines, Inc.*, No. 84—4076, (D. Kan. May 13, 1986), and *Honey v. George Hyman Construction Co.* (D.D.C. 1974), 63 F.R.D. 443. In both cases, the courts concluded that the plaintiffs had the capacity to proceed as a representative of the other underwriters participating in policies of insurance. *Austin*, slip op. at 4; *Honey*, 63 F.R.D. at 448.

In *Honey*, the Lloyd's underwriter plaintiff attached to his complaint an exhibit almost identical to that presented by Cassidy in the case at bar. This exhibit was an authorization to sue, signed by the

active underwriters of each syndicate involved in the policy of insurance. The court concluded that this exhibit sufficiently signified each individual Name's consent to the commencement of the action by Honey. 63 F.R.D. at 448.

Based upon the contractual and agency relationships upon which the Lloyd's system is built, we conclude that Cassidy has the authority to commence litigation on behalf of the individual members of his syndicate. As a condition of membership at Lloyd's, the Name delegates to a member's agent the complete authority to conduct his Lloyd's affairs. The individual member does not and may not actively participate in these affairs. Acting on the Name's behalf, the member's agent places him in a syndicate. Once a member of the syndicate, the active underwriter has the complete authority to conduct the Name's affairs. It is the active underwriter that negotiates and signs the contracts of insurance to which the individual members of his syndicate are legally bound. Having the authority to contractually bind the individual members of his syndicate, we find that the active underwriter also has the authority to commence litigation on their behalf.

Like Cassidy, the active underwriters of the other syndicates participating in the program to reinsure Forum also have the authority to represent the individual members of their syndicates. They, in turn, have delegated this authority to Cassidy, as evidenced by the authorization to sue attached to Cassidy's complaint. Cassidy, being the lead underwriter of the program from which this litigation stems, has the authority to designate himself as the individual in whose name suit will be brought. (*Honey*, 63 F.R.D. at 446.) For these reasons, we conclude that Cassidy may properly proceed with this litigation as the representative of the individual Names subscribing to the program of reinsurance.

Accordingly, we answer the certified question in the affirmative.

Certified question answered.

HARTMAN and SCARIANO, JJ., concur.