(No. 26809.—

The People *ex rel.* James J. Griffin *et al.,* Appellants, *vs.*
The City of Chicago *et al.,* Appellees.

*Opinion filed March 16, 1943—Rehearing denied May 13, 1943.*

LAWRENCE C. MILLS, and WILLIAM A. CUNNEA, for appellants.

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL, of counsel,) for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

On July 18, 1936, there was filed a petition for writ of *mandamus* in the circuit court of Cook county by twelve plaintiffs who are members of the fire department of the city of Chicago and thereafter, during the year 1936, this petition was consolidated with two other petitions for writs of *mandamus* filed by other members of the fire department of said city. These petitions sought to compel the mayor, the comptroller, the fire commissioner and the city treasurer to certify and issue proper vouchers and checks for the difference between the amounts paid the plaintiffs during the years 1932 to 1936, inclusive, and the sums which were established in *the appropriation ordinances for said years, and, in the alternative, to compel the city council to make appropriations for the payment of said amounts.

The petitions, besides containing the jurisdictional allegations, also alleged that during the period in question the city council, by the appropriation ordinance passed in each year, fixed and determined the salaries of the appellants at certain rates, being the same rates as the salaries for the year 1931, but failed to appropriate for the full amounts thereof and that the city paid only the reduced amounts to the petitioners, though full services were rendered.

The manner of appropriating for the salaries of the appellants is best illustrated by the following portion of the appropriation ordinance for the year 1932:

"FIRE DEPARTMENT
BUREAU OF FIRE CONTROL AND EXTINGUISHMENT.
DIVISION OF FIRE EXTINGUISHMENT.

|  | Amounts Appropriated |
|---|---|
| Salaries and wages—continued | |
| Division Fire Marshal, 12 at $4,500.00 per annum.$ | 42,491.76 |
| Chief of Battalion, 54 at $4,000.00 per annum.... | 169,967.15 |
| Chief of Battalion, 4 for 6 months beginning July 1, 1932, at $333.33 per month.......... | 6,207.65 |
| Captain, 184 at $3,200.00 per annum............ | 463,317.52 |
| Lieutenant, 213 at $2,900.00 per annum......... | 486,059.61 |
| Fireman and Probationers; first six months of service at $2,140.00; Third Class after six months' service at $2,320.00; Second Class after eighteen months' service at $2,440.00; First Class after thirty months' service at $2,500.00; (see Section 8 of this ordinance).. | 3,544,000.00" |

The appellants contend that the compensation was fixed by a figure appearing immediately after the statement of the position of each office, while the city insists the salary was fixed at the amount actually appropriated for the position.

The appellants further alleged in their petition that the deductions made were equivalent to the amount of pay which the appellants earned for 78 days in 1932, 65 days in 1933, 52 days in 1934, 52 days in 1935 and 26 days in 1936.

The answer and amended answer of the city admitted the factual allegations of the petition, but denied that the city council had fixed the salaries at the sums claimed and denied that the city had funds with which to pay the claims and charged that the appellants were guilty of *laches* and that the city would become insolvent and suffer undue hardship because it would be unable to make up a deficit of

$22,500,000 which would accrue if *mandamus* were allowed. The defense of *laches* and undue hardship was raised in the amendment to the answer and a motion to strike the same was overruled by the court.

The matter was tried before the court and most of the evidence was stipulated but certain testimony was taken with reference to oral demands by the fire department members upon the city council for the appropriation of money sufficient to pay the full salaries due them, and testimony by the chief clerk in the comptroller's office as to the amount of taxes received by the city of Chicago during certain years. The plaintiffs tried to show, by a transcript of a speech made by former Mayor Anton J. Cermak to the firemen of the city, representations regarding their reduction in salaries. The court refused to admit this speech in evidence on the ground that it would not be binding upon the city of Chicago and on the further ground that it was made prior to the appropriation ordinance complained of.

Plaintiffs claim to have two theories, which are as follows: 1. That the city council determined their annual salaries in the appropriation ordinance for the years 1932 to 1936, inclusive, at a definite figure and that having so determined the salary of each petitioner, that said city council could not legally appropriate a lesser amount; that the liability of the city was determined by the fixing of the salaries and that if the city has difficulty in securing funds for their payment, it is not a legal excuse for nonperformance of its duty. 2. The second theory applies only to the year 1932 and is based on the idea that the appropriation ordinance for 1932 had to be passed in the first quarter of the year or before March 31, 1932, and that by the failure of the council to adopt the appropriation ordinance for 1932 until June 13, 1932, it was entirely void and the basis of pay for the petitioners was the scale for the year 1931.

In this contention, the appellants assert the invalidity of an act of the legislature which purported to validate the appropriation ordinance.

Defendants take the position that the amounts actually appropriated in the appropriation ordinance constituted the salaries and limited the city's liabilities to those amounts. As to the second theory, the city asserts that the validating statutes of the legislature are constitutional and the city further asserts that the plaintiffs have been guilty of *laches* in prosecuting their claims.

A very similar, if not identical, situation to the one involved in this case was presented to the Appellate Court for the First District in the case of *People ex rel. Mulvey* v. *City of Chicago,* 292 Ill. App. 589. That case was a consolidation of twenty-three separate suits for *mandamus* on behalf of most of the employees of the city of Chicago, except the appellants in the present cases. The plaintiffs there sued for alleged deductions in salary for the years 1932 to 1936, inclusive. The same appropriation ordinances were involved, and outside of the constitutional question, the issues were almost identical. The suits were filed only a few months prior to the instant cases, and the plaintiffs in those cases stood very much in the same position as the firemen here. That case was decided upon the following grounds: 1. The plaintiffs had been guilty of such *laches* as bars their claims, even if they were valid. 2. A writ of *mandamus* would, under the circumstances, operate as an instrument of injustice and the court must take into consideration the effect of the issuance of the writ, and where it appears that the defendant would be prejudiced unduly by the issuance thereof, a writ will not be granted. 3. The plaintiffs' rights to a writ are at least doubtful and under those circumstances the court will not issue the writ. 4. By section 8 of the annual appropriation bill of 1932, and by the other provisions of said bill, the salaries of the plaintiffs were fixed at the reduced rate,

since section 8 of said appropriation bill made it clear as to the amount intended to be fixed. (Section 8 referred to reads as follows: "The amount appropriated in this ordinance for each separate salary and wage item is the amount appearing at the end of the item under the heading 'Amounts Appropriated'.") 5. It cannot be contended that the city fixed the regular standard amount as the plaintiffs' salaries and only appropriated a portion thereof, because if the city intended such to be the case the same would have been expressed in apt words in the appropriation bill.

A petition for leave to appeal from the judgment of the Appellate Court in that case was filed in this court and leave denied.

In their reply brief the appellants seek to distinguish the *Mulvey case* by stating that appellants here have been active and diligent in asserting their rights, which was not the situation in the *Mulvey case*. While the proof does show some complaints or protests made to the city about the deductions in salary, there was no affirmative action taken by way of instituting suit until after the 1936 appropriation ordinance was passed. The remarks made to the firemen by Mayor Anton J. Cermak in April, 1932, were not admissible upon any theory of evidence and the court committed no error in excluding them. No facts with reference to *laches* are sufficiently shown to distinguish this case from the *Mulvey case.*

Thus it will be seen that the constitutional questions raised by appellants are the only ones before this court for consideration on this appeal.

It is first contended by appellants that in any event they are entitled to the amounts claimed as salaries for the year 1932 on the basis of the 1931 appropriation ordinance, because of the so-called continuation ordinance passed by the city council of the city of Chicago on January 4, 1932. The terms of that ordinance did fix the salaries of the appel-

lants on the basis of the annual appropriation ordinance for the year 1931, but it also disclosed a clear intention to employ the former employes on the basis of reduced compensation. It is expressly stated therein that all such employes "shall be continued in employment upon the basis of a 24-day month, and their compensation shall be reduced proportionately." It is further stated in said ordinance that the city comptroller and city treasurer be authorized to pay salaries and compensation for the period pending the passage of the annual appropriation bill for the year 1932, the amount authorized to be paid during the fiscal year 1931, "subject to the limitations hereinbefore set forth as to employment."

The intention to pay the reduced compensation is further confirmed in the second continuation ordinance passed by the city council on May 4, 1932. It also provided for the reduced compensation in harmony with the previous ordinance of January 4, 1932. The power to pass such ordinances was clearly given the city by section 4 of article VII of the Cities and Villages Act. Ill. Rev. Stat. 1939, chap. 24, par. 104.

It is next urged by appellants that the amendments to section 2a of article VII of said chapter 24, passed by the 57th General Assembly, at its first special session, approved February 19, 1932, extending the time within which the city of Chicago could pass its appropriation ordinance, were unconstitutional and void because: 1. Said amendments are not within the purpose of the Governor's proclamation, and: 2. They attempt to divest appellants of vested rights to salaries already earned.

The said amendments provided that the appropriation ordinances of cities and villages having a population of more than 150,000 for the year 1932 could be passed at any time up to June 15, 1932. An inspection of said proclamation shows plainly that it is broad enough to cover such ordinance. Paragraph 7 of the proclamation pro-

vides that one of the purposes of the special session was "to enact laws and to amend * * * any existing law * * * to permit changes in and additions to provisions affecting appropriations and tax rates of, and the issuance of bonds by, the City of Chicago * * * and other municipal corporations * * * within the County of Cook." Paragraph 9 provides that it is one of the purposes of the call "to enact laws and to amend * * * any existing law * * * to deal with the governmental structure, finances and the budgetary and financial procedure of counties, cities, towns, villages * * * and political subdivisions of the state."

Our construction of the obvious intention of the city council disclosed in the continuation ordinance of January 4, 1932, completely answers the contention that there was an attempt to divest the appellants of vested rights to salaries already earned. The amendments objected to were not unconstitutional or void.

It is further contended that the appropriation ordinance of 1932, passed June 13, 1932, was void because it was not enacted before March 31, 1932, as required by statute. Section 2a of article VII, (Ill. Rev. Stat., 1931, chap. 24, par. 93,) provided that appropriation ordinances should be passed within the first quarter of each fiscal year. However, the amendment to said section 2a, heretofore discussed, provided as follows: "In cities and villages having a population of 150,000 or more, the city council or the board of trustees, as the case may be, shall on or before the 15th day of June of the year 1932, and within the first quarter of each fiscal year thereafter, pass an ordinance, to be termed the annual appropriation bill." The only authority cited by appellants in support of their assertion is *People ex rel. Smith* v. *McElroy,* 248 Ill. 574. That case merely decided an appropriation ordinance not passed during the first quarter of the year was void. In it there was no act of the legislature extending the time for the

passage of the ordinance in question. We feel that the appropriation ordinance passed June 13, 1932, was fully authorized by the empowering act and is valid.

The appellants have not shown any clear legal right on this record to be awarded a writ of *mandamus,* and it will never be issued in doubtful cases. *Quernheim* v. *Asselmeier, 296* Ill. 494.

The judgment order of the circuit court of Cook county, dismissing the petition, is hereby affirmed.

*Judgment affirmed.*