(No. 51126.—

JAMES W. JOHNSTON *et al.*, Appellees, v. THE CITY OF BLOOMINGTON *et al.*, Appellants.

*Opinion filed October 2, 1979.*

Randall B. Ehlers, of Bane, Allison & Saint, P.C., and David L. Stanczak and H. Paxton Bowers, of Bloomington, for appellants.

George L. Chesley, of DePew, Grimes & Chesley, of Bloomington, for appellees.

Richard R. Wagner, Assistant State's Attorney, of Bloomington, for *amicus curiae* County of McLean.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, James W. Johnston, individually and as a representative of all those similarly situated, and William Fike, appealed from the judgment of the circuit court of McLean County entered upon allowance of the motion to dismiss filed by defendants, the city of Bloomington, a municipal corporation, and Paul W. Krueger, its treasurer. The appellate court reversed and remanded (61 Ill. App. 3d 209), and we allowed defendants' petition for leave to appeal. In counts I and III of the complaint plaintiffs Johnston and Fike, respectively, alleged that, in one instance, he pleaded guilty, and in the other was found guilty, of a violation of chapter 32, section 29, of the Bloomington Municipal Code, hereafter referred to as the speeding ordinance, and paid fines. Count II purports to be a class action brought on behalf of all persons who had paid fines for prosecutions under the ordinance. It is alleged in each count that on January 6, 1976, the circuit

court of McLean County, in a separate action, declared the ordinance unconstitutional, and plaintiffs seek to recover the fines paid.

The basis for the circuit court's holding the speeding ordinance unconstitutional cannot be determined from the record. The parties are in agreement that no appeal was taken from that judgment, and it appears that shortly after the judgment was entered the city council amended the ordinance, presumably in an effort to obviate the infirmities upon which the circuit court judgment was based.

The judgment was entered upon allowance of the motion to dismiss the complaint, and the allegations of the complaint must therefore be taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93.) Relying primarily on our decision in *People v. Meyerowitz* (1975), 61 Ill. 2d 200, plaintiffs contend that the effect of an ordinance which has been held unconstitutional is the same as though it had never existed and that judgments of conviction based upon it are void and can be collaterally attacked at any time; that fines paid under a void ordinance were not voluntarily paid for the reason that certain rights of the plaintiff would have been severely affected had the fines or penalties not been paid; and that because defendants did not appeal from the judgment finding the ordinance unconstitutional, they are now precluded from relitigating its validity.

Defendants contend that civil judgments obtained under an ordinance later ruled unconstitutional are not rendered void; that the ruling by a circuit court that an ordinance is unconstitutional does not effect collateral estoppel and is not binding on other circuit courts; and that plaintiffs are not entitled to the return of fines voluntarily paid. Although *People v. Meyerowitz* (1975), 61 Ill. 2d 200, would control if the judgments under which the fines were paid were criminal in nature it does not follow that it applies here. The prosecution of municipal ordinance violations is hybrid in nature (*City of Danville v.*

*Clark* (1976), 63 Ill. 2d 408), and as the court observed in *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 119: "The proceeding is not strictly or exclusively civil or criminal, but resembles both in some respects. For this reason, problems in this area cannot be solved by a mere labeling process, and the decisions of the courts, in Illinois and elsewhere, do not always have apparent logical consistency." Although ordinances of the type here involved have long been considered quasi-criminal in character, they have been viewed as civil in form. (*City of Danville v. Clark* (1976), 63 Ill. 2d 408, 411; *City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399, 401; *City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, 466; *City of Decatur v. Chasteen,* (1960), 19 Ill. 2d 204, 216.) In *City of Decatur v. Chasteen,* the court said that "An action to recover a penalty for the violation of a municipal ordinance, though quasi-criminal in character, is civil in form and is ordinarily termed a civil action and not a criminal prosecution." (19 Ill. 2d 204, 216.) Judgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties. (*Wood v. First National Bank* (1943), 383 Ill. 515, 522.) If jurisdiction has attached, no error committed by the court can render the judgment void and the judgment is binding on the parties and on every court unless reversed or annulled in a direct proceeding. If there is a total want of jurisdiction either as to the subject matter or as to the parties, the proceedings are a nullity and no rights are created by them and they may be declared void when collaterally attacked. If the court has jurisdiction, it is empowered to make either a correct or an erroneous decision and the fact that the statute or ordinance upon which the decision is based was void does not serve to deprive it of jurisdiction. See Annot. 167 A.L.R. 517, 533 (1947).

The complaint contains no allegations which purport to attack the jurisdiction of the circuit court which entered the judgments under which the fines were paid, either on the ground of lack of jurisdiction over the subject matter or of the parties. *Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, upon which plaintiffs rely, involved no prior judgment and is clearly distinguishable.

A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Fechtner v. Lake County Savings and Loan Association* (1977), 66 Ill. 2d 128, 133.) Plaintiffs can recover here only if they prevail in a collateral attack on the judgments under which the fines were paid and this, it clearly appears, they cannot do. The circuit court correctly dismissed the action, and in reversing the judgment the appellate court erred.

In view of the conclusion reached we need not consider the other questions briefed and argued in this appeal. The judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*