(Nos. 52771, 53288 cons.—

HARRY DeBRUYN, Appellee, v. RICHARD J. ELROD, Sheriff, *et al.*, Appellants.

*Opinion filed February 3, 1981.—Modified on denial of rehearing March 27, 1981.*

130

SIMON, J., took no part.

Bernard Carey and Richard M. Daley, State's Attorneys, of Chicago (Paul P. Biebel, Jr., Jane Clark Casey, Henry A. Hauser, James F. Henry, and Stuart D. Gordon, of counsel), for appellants.

Block, Levy & Becker, Chtd., of Chicago (Alvin R. Becker and Harry A. Young, Jr., of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff Republic Bank of Chicago initiated this action in the circuit court of Cook County against defendants, the County of Cook, Richard J. Elrod and Edward Rosewell, respectively its sheriff and treasurer. The complaint sought a declaration that section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1977, ch. 53, par. 71) was violative of article VII, section 9(a), of the 1970 Constitution, certification as a class action, the enjoining of further collection and disbursement of fees under the Act, and the establishment of a segregated fund for fees collected. Plaintiffs South Side Bank and Bank of Commerce and Industry filed a separate two-count complaint against defendants Elrod and the County of Cook seeking substantially similar relief. That complaint was later amended to include, in a separate count, plaintiff Harry DeBruyn, who had previously been granted leave to intervene. These separate actions were consolidated by the trial court. On defendants' motions the counts pertaining to the plaintiff banks were dismissed on the ground that they lacked standing to bring the action. Defendants' motion to dismiss was denied as to plaintiff DeBruyn. A preliminary injunction order was entered which declared the sheriff's fee provision of the Act unconstitutional, required defendants to deposit all fees collected thereafter in a protest fund, and enjoined defendants from disbursing moneys in the protest fund. The circuit court also found that pursuant to section 57.2 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2) the cause could be maintained as a class action. It found that the class consisted of all persons who had paid the fee and had not been reimbursed by redemption and those persons who by redemption had "suffered the economic burden or incidence" of the fees. Thereafter judgment was

entered on the pleadings in favor of plaintiff DeBruyn and all members of the class of persons who paid the "illegal fee" on or after March 23, 1979. The court found that plaintiff DeBruyn and all class members paid the sheriff's fees involuntarily and were entitled to an accounting. Defendants Elrod and Cook County appealed directly to this court pursuant to Supreme Court Rule 302(a) (73 Ill. 2d R. 302(a)) and plaintiffs DeBruyn, South Side Bank, Bank of Commerce and Industry, and Republic Bank of Chicago cross-appealed from portions of the judgment. Defendants also appealed to the appellate court from the order granting the preliminary injunction and plaintiff Republic Bank of Chicago appealed to the appellate court from the order dismissing certain counts of its complaint. Upon allowance of defendants' motion, the appellate court dismissed the appeal of Republic Bank. On motion of plaintiff DeBruyn, filed pursuant to Rule 302(b), we ordered the appeal transferred to this court and consolidated the two causes for further proceedings.

The statute in question set a number of specific fees for the services performed by sheriffs in counties of the third class and provided further:

> "In addition to the above fees, there shall be allowed to the sheriff a commission of 3% on all sales of real and personal estate which shall be made by virtue of any execution or any judgment of a court, where the money arising from such sales shall not exceed $200, and in all cases where the amount of such sale shall exceed $200, 3% on the first $200 and 1½ per cent on the balance shall be allowed. On any sale of real estate which shall be made by virtue of any judgment of a court such commission shall not exceed $400. In all cases where the execution shall be settled by the parties, replevied, stopped by injunction or paid, or where the property levied upon shall not be actually sold, the sheriff shall be allowed his fee for levying and mileage, together with half the commission on all money collected by him which he would be entitled to if the same was made by sale on execution." (Ill. Rev. Stat. 1977, ch. 53, par. 71.)

This portion of the Act was amended (Pub. Act 81—473, eff. Sept. 7, 1979), and the amendments are not at issue here.

Article VII, section 9(a), of the 1970 Constitution provides:

> "(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes."

It is alleged in the amended complaint that plaintiff DeBruyn, as the judgment creditor of a mortgagor against whom a decree of foreclosure had been entered, effected a redemption of the foreclosed real estate. He paid the redemption price to the defendant sheriff, which sum included the commission fee paid to the defendant in the sale conducted under the decree of foreclosure. It is also alleged that, in the sale conducted in connection with the redemption (Ill. Rev. Stat. 1977, ch. 77, par. 20), he paid the defendant sheriff an additional fee of $234.68. The prayer for relief seeks the refund of both fees. The other plaintiffs alleged the payment of fees to the sheriff in connection with sales under decrees of foreclosure and pursuant to writs of execution.

Defendants contend that the circuit court erred in holding that section 1 of the Act violated article VII, section 9(a), of the 1970 Constitution for the reason that "section 9(a) was not intended by the drafters of the 1970 Illinois Constitution to apply to the collection of non-tax funds." In addition they argue that "the commission allowed pursuant to section 71 is based upon the establishment of a sales price, at auction, and not upon the collection or disbursement of funds."

In support of their argument that section 9(a) of article VII does not apply to the collection of nontax

funds, defendants assert that section 9(a) was intended to remedy the problem of "skim off" of tax revenues which was addressed by this court in *Flynn v. Kucharski* (1970), 45 Ill. 2d 211. In *Flynn* this court held unconstitutional a statute which enabled taxpayers outside the city of Chicago to divert tax funds to local township purposes. This could be done by exercising the option of paying taxes levied by Cook County to their township collector rather than to the county collector. Those taxes paid to the township collector were subject to a 2% commission, the proceeds of which were placed in the township fund and used for township purposes. This diversion of funds was held to be in violation of the requirement of uniformity of taxation found in the 1870 Constitution. (Ill. Const. 1870, art. X, secs. 9, 10.) Defendants call our attention to a number of cases involving a construction of section 9(a) as it relates to fees based upon the collection of taxes. (*Goldstein v. Rosewell* (1976), 65 Ill. 2d 325; *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516; *Century Community Unit School District No. 100 v. McClellan* (1975), 27 Ill. App. 3d 255; *Board of Trustees v. Webb* (1974), 24 Ill. App. 3d 183) and argue that these cases compel the conclusion that section 9(a) applies only to "those fees collected in connection with the process of tax collections."

We disagree. None of the cited cases involved a commission comparable to the one here, and we find no language in them which controls the case before us. Defendants, referring to the proceedings of the 1970 constitutional convention (Report of the Local Government Committee, 7 Record of Proceedings, Sixth Illinois Constitutional Convention 1724-25; 4 Proceedings 3404-05), argue that article VII, section 9(a), was not intended to apply to the collection of nontax funds. Although the proceedings reflect that the delegates were primarily concerned with the type of fees involved in *Flynn v. Kuchar-*

*ski,* the language of section 9(a) does not so limit its scope. As the court said in *Hills v. City of Chicago* (1871), 60 Ill. 86, 90-91:

> "[T]he doctrine is firmly established, that where the words employed, when taken in their ordinary, natural signification, and the order of their grammatical arrangement given them by the framers, embody a definite meaning which involves no conflict with other parts of the same instrument, then that meaning which is apparent upon the face of the instrument is the only one we are at liberty to say was intended to be conveyed, and there is no room for construction. \*\*\*
>
> \* \* \*
>
> When a particular act is inhibited by the clear and unambiguous language of the constitution, the policy of such inhibition, or the inconvenience that may ensue its enforcement, is a matter with which the court has no concern; its duty is simply to reverently recognize and faithfully enforce."

The constitutional provision at issue here provides that "Fees shall not be based upon funds disbursed or collected \*\*\*." (Ill. Const. 1970, art. VII, sec. 9(a).) No distinction is made between tax and nontax funds. We cannot add such a distinction to the plain language before us, and we hold that article VII, section 9(a), applies both to tax and nontax funds.

Defendants argue that the funds in question here are not "collected" so as to come within the ambit of the constitutional prohibition. An examination of the statutes governing the conduct of the sheriff demonstrates the contrary. Section 1 of the Act itself makes reference to moneys "collected" in the context of executions which do not move to completion. (Ill. Rev. Stat. 1977, ch. 53, par. 71.) In addition, the statute defining the general

duties of sheriffs provides for a penalty where "any sheriff unreasonably neglects to pay any money collected by him on execution" (Ill. Rev. Stat. 1977, ch. 125, par. 23), and grants authority for a sheriff to collect "any execution or fee bill which he may have levied but not collected," after his term has expired (Ill. Rev. Stat. 1977, ch. 125, par. 25). We hold that funds received by the defendant sheriff in connection with foreclosure sales, execution of judgments, and redemptions were "collected" funds within the contemplation of the constitutional prohibition.

In view of the foregoing, we hold that section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1977, ch. 53, par. 71) contravenes article VII, section 9(a), of the 1970 Constitution.

We consider next defendants' contention that the payments to the sheriff were voluntary and were not made as the result of duress or compulsion. Plaintiffs here were in a situation similar to the plaintiff class in *Ross v. City of Geneva* (1978), 71 Ill. 2d 27. They were confronted with the choice of payment of the sheriff's fees or his refusal to effect the requested sale, execution or redemption, and as the court said in *Ross,* "plaintiff, in making the payment, acted with prudence and is not barred from recovery of the sums paid." 71 Ill. 2d 27, 33-34.

We consider next defendants' contention that they were "significantly harmed" by plaintiff DeBruyn's delay in filing his action and that it should therefore be barred by operation of *laches. Laches* is not simply a matter of delay, and to bar the action "it must appear that a plaintiff's unreasonable delay in asserting his rights has prejudiced and misled the defendant, or caused him to pursue a course different from what he would have otherwise taken." (*People ex rel. Casey v. Health & Hospitals Governing Com.* (1977), 69 Ill. 2d 108, 115; *People ex rel. Griffin v. City of Chicago* (1943), 382 Ill. 500, 504.)

The record provides no basis on which to invoke *laches* in bar of plaintiffs' action.

We consider plaintiffs' contention that the circuit court erred in limiting the recovery to fees collected by defendants on and after March 23, 1979. The effective date of an order requiring the repayment of fees illegally collected is governed by the application of equitable principles to the facts in each case. In *Flynn v. Kucharski* (1971), 49 Ill. 2d 7, the court affirmed the order of the circuit court holding that only funds distributed subsequent to December 15, 1969, were affected by its judgment. The rationale for the "cut off date" was that "This is an action seeking equitable relief, and as such, the court is endowed with broad discretion to grant such relief as equity may require. [Citations.] It should be remembered that this is an action affecting county municipalities and units of local government pertaining to the application and division of tax revenue. This is not a situation in which a fixed pecuniary harm has befallen an ascertained individual." (49 Ill. 2d 7, 11.) Unlike *Flynn,* "pecuniary harm" did befall certain identifiable entities who were required to pay the fee exacted by the sheriff, and no equitable reason presents itself to hold that reimbursement should not be made from the effective date of article VII, section 9(a), of the Constitution of 1970.

We consider next defendants' contention that the action here is a collateral attack upon the prior decree entered in the foreclosure proceeding. The fees involved three situations: sales under a decree of foreclosure, sales in connection with execution of judgments, and redemptions. The final order in an action to foreclose a mortgage on real estate is the order approving the sale and distribution. (*King City Federal Savings & Loan Association v. Ison* (1980), 80 Ill. App. 3d 900.) Thus any fees paid to the sheriff for services in the sale of the real estate under the decree of foreclosure were approved in the final order.

Plaintiffs' complaint, seeking to recover fees paid under a statute later held unconstitutional, contained no allegations attacking the jurisdiction of the court which entered the judgment of foreclosure and therefore failed to state a cause of action as to the fees paid for effecting the sales under the foreclosure decree. *Johnson v. City of Bloomington* (1979), 77 Ill. 2d 108.

This holding does not, however, affect fees paid into the protest fund in connection with mortgage foreclosure proceedings in which orders approving the sale and distribution were entered after July 10, 1979. In such cases, the circuit court's adjudication of unconstitutionality of the statute will have preceded the final order and there was, therefore, no necessity to attack the jurisdiction of the court entering such orders.

The pertinent statutes did not require that fees paid the defendant sheriff in connection with sales in the execution of judgments and redemptions be reported to and approved by the circuit court. Concerning those fees, we hold that the circuit court did not err in entering judgment for their repayment.

In view of our holding that the defendants must account for only those funds received as commissions on sales in connection with executions and redemptions not thereafter approved by orders of court, it becomes necessary to redefine the plaintiff class. The class must be defined as those persons who (1) paid fees under the provisions of section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1977, ch. 53, par. 71) on and after the effective date of article VII, section 9(a), of the 1970 Constitution for sales in connection with executions and redemptions not thereafter approved in subsequent orders or decrees; (2) paid fees in connection with mortgage foreclosure proceedings in which orders of sale and distribution were approved subsequent to July 10, 1979; (3) have not been reimbursed therefor by redemp-

tion; and (4) are the persons who suffered the burden or incidence of the illegal fee. The judgment of the circuit court must further be modified to provide that the plaintiffs and the class members are entitled to an accounting of all of said illegal fees involuntarily paid from and after the effective date of article VII, section 9(a), of the 1970 Illinois Constitution.

The judgment of the circuit court of Cook County is modified in the manner stated and as modified is affirmed. The cause is remanded to the circuit court for further proceedings.

*Affirmed as modified*
*and remanded.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.