(No. 57740.—

CARDUNAL SAVINGS & LOAN ASSOCIATION, Appellee, v. GEORGE B. KRAMER, Sheriff, *et al.*, Appellants.

*Opinion filed January 20, 1984.*

Robert J. Morrow, State's Attorney, of Geneva (David R. Akemann, Assistant State's Attorney, of counsel), for appellants.

Loren S. Golden, of Schwartz & Golden, Ltd., of West Dundee, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendants George B. Kramer and Robert D. Critton, respectively the sheriff and treasurer of Kane County, appealed (Rule 302(a), 87 Ill. 2d R. 302(a)) from the judgment of the circuit court of Kane County holding unconstitutional a portion of section 19 of "An Act in relation to the compensation of Sheriffs, Coroners, County Treasurers, County Clerks, Recorders and Auditors with their necessary clerk hire, stationery, fuel and other expenses, in counties of less than 1,000,000 inhabitants" (Ill. Rev. Stat. 1979, ch. 53, par. 37), and plaintiff, Cardunal Savings & Loan Association, cross-appealed. In its complaint, as amended, plaintiff alleged that on and after the effective date of article VII, section 9(a), of the 1970 Illinois Constitution (Ill. Const. 1970, art. VII, sec. 9(a)), under the authority of section 19, defendant sheriff

collected illegal commissions from judicial sales and paid them over to the defendant treasurer. Plaintiff sought certification as a class action, the enjoining of defendants from further collection of the illegal fees, an accounting of all such fees, the establishment of a segregated fund for fees collected, and reasonable attorneys' fees. In pertinent part section 19 provided:

"In addition to the above fees there shall be allowed to the sheriffs in counties of the first and second class, a commission of 3% on all sales of real and personal property, which shall be made by virtue of any judgment of a court, where the money arising from such sales does not exceed $1000. In all cases where the amount of such sale exceeds that sum, then 1½% commission on the excess only shall be allowed. On any sale of real estate which is made by virtue of any judgment of a court, such commission shall not exceed $400. However, in all cases where the judgment is settled by the parties replevied, stopped by injunction or paid, or where the property levied upon is not actually sold, the sheriff shall be allowed the fee for levying and mileage, together with half the commission on all money collected by him or her which he or she would be entitled to if the same were made by sale in the enforcement of a judgment; except the necessary expenses for keeping personal property, to be ascertained and allowed by the court which entered the judgment." (Ill. Rev. Stat. 1979, ch. 53, par. 37.)

Effective January 1, 1982, section 19 was amended to provide:

"In addition to the above fees there shall be allowed to the sheriff a fee of $600 for the sale of real estate which shall be made by virtue of any execution or any judgment of a court." Ill. Rev. Stat. 1981, ch. 53, par. 37.

Article VII, section 9(a), of the Constitution of 1970 provided:

"(a) Compensation of officers and employees and the office expenses of units of local government shall not be paid from fees collected. Fees may be collected as provided by law and by ordinance and shall be deposited

upon receipt with the treasurer of the unit. Fees shall not be based upon funds disbursed or collected, nor upon the levy or extension of taxes." Ill. Const. 1970, art. VII, sec. 9(a).

The parties stipulated that on or about October 6, 1981, the defendant sheriff conducted a sale of real estate pursuant to a judgment for foreclosure and sale, and issued a certificate of sale to plaintiff. Plaintiff paid the defendant sheriff a commission in the amount of $600 which was paid over to defendant treasurer. It was further stipulated that between September 1, 1981, and December 31, 1981, a number of sales were conducted by the defendant sheriff, and fees based on the amendment to section 19 were collected and paid over to the defendant treasurer. The reports of sale were approved by the court and none of the parties who paid the fees were reimbursed by means of redemption of the property foreclosed. Some of the fees in question were charged on the basis of the statutory provision prior to its amendment, and some fees were charged on the basis of its provisions subsequent to its amendment.

The court found that the plaintiff class was so numerous that joinder of all members was impractical, that there were questions of fact or law common to the class, and that a class action was an appropriate method for the fair and efficient adjudication of the controversy. It certified as the plaintiff class those persons who paid fees to the sheriff on or after the effective date of article VII, section 9(a), of the 1970 Illinois Constitution for sales of real estate conducted by the sheriff of Kane County pursuant to judgments for foreclosure of said real estate.

It found unconstitutional that portion of section 19 of the Act which was in force and effect from the enactment of the 1970 Illinois Constitution through December 31, 1981, and held "that because of the unconstitutionality of the above referred to section, the Court therefore lacked jurisdiction to approve the above fees paid to the sheriff for services in the sale of the real estate under the various

decrees of foreclosure pertaining to each of the persons in the plaintiff class."

The court also found that for the period from September 1, 1981, through December 31, 1981, the defendant sheriff unlawfully charged $600 fees of persons and held that the fees were unlawful because they were based upon a statute which did not become effective until January 1, 1982.

It ordered that the total sum of the fees paid to the sheriff be paid to plaintiffs' attorneys, directed them to withhold attorney fees and expenses and disburse the remainder to the members of the plaintiff class. It denied plaintiffs' motion to expand the classes of plaintiffs and defendants to include as plaintiffs all who had paid the illegal fees to any sheriff of a county of the "first or second" class as defined in the statutes and to include as defendants those sheriffs and treasurers who accepted those fees. Defendants appealed and plaintiff cross-appealed. 87 Ill. 2d R. 302(a).

There is no question that under *DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, the fee provision here involved is invalid. Defendants, citing *Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, contend, however, that this action to recover the fees is an impermissible collateral attack on final judgments of the circuit court. In *Johnston*, plaintiffs sought to recover fines paid under an ordinance which, subsequent to the payment of the fines, was held to be unconstitutional. This court held that a court which had jurisdiction over the parties and subject matter at the prior proceedings at which the fines were assessed "is empowered to make either a correct or an erroneous decision and the fact that the statute or ordinance upon which the decision is based was void does not serve to deprive it of jurisdiction. See Annot. 167 A.L.R. 517, 533 (1947)." (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 112.) Defendants argue that the courts which approved the foreclosure

sales had jurisdiction over the parties and subject matter, that the final order in the foreclosure actions was the order approving the sale and distribution (*DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 137), and that, under *Johnston*, these judgments cannot be collaterally attacked on the ground that the circuit court had no authority to award fees under a statute subsequently held void.

Plaintiff argues that the allegations in its amended complaint attacking the jurisdiction of the court in the foreclosure proceedings permit the collateral attack here and renders inapplicable our statement in *DeBruyn*, that "[p]laintiffs' complaint *** contained no allegations attacking the jurisdiction of the court which entered the judgment of foreclosure and therefore failed to state a cause of action." *DeBruyn v. Elrod* (1981), 84 Ill. 2d 128, 138.

Plaintiff misinterprets the statement in *DeBruyn*. In *DeBruyn*, judgment was entered on the pleadings, and the court pointed out that, absent an allegation of lack of jurisdiction, the complaint failed to state a cause of action. Here the allegation that the court lacked jurisdiction is conclusional and contrary to the rule that "[j]udgments entered in a civil proceeding may be collaterally attacked as void only where there is a total want of jurisdiction in the court which entered the judgment, either as to the subject matter or as to the parties. (*Wood v. First National Bank* (1943), 383 Ill. 515, 522.)" (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 112.) Plaintiff's allegation that the courts which approved the fees under section 19 lacked jurisdiction merely reasserts the invalidity of the statute and gives no basis to question that the court in the prior instances had jurisdiction over the parties or subject matter.

Plaintiff argues alternatively that, when the court in *DeBruyn* declared section 1 of "An Act to provide for the fees of the sheriff ***" (Ill. Rev. Stat. 1977, ch. 53, par. 17) to be unconstitutional, it implicitly invalidated section

19. Plaintiff reasons that since section 19 was invalid prior to the entering of the final orders in most of the sales here, the circuit court exceeded its jurisdiction to approve the fees in those cases. Plaintiff cites no authority for this proposition. We fail to perceive in what manner the court in *DeBruyn* could have ruled upon the validity of section 19. No plaintiff in *DeBruyn* contended that he was forced to pay a sheriff's fee under section 19 and courts are not authorized to issue advisory opinions. *Howlett v. Scott* (1977), 69 Ill. 2d 135, 143.

> "One who would attack a statute or ordinance as unconstitutional must bring himself within the class as to whom the law is unconstitutional. *** Courts only determine the validity of a statute or ordinance in the light of the factual background presented by the record. Constitutional questions are not dealt with in the abstract." (*City of Elmhurst v. Buettgen* (1946), 394 Ill. 248, 254.)

Thus, at the time during which the fees were paid to defendant under section 19, no court of competent jurisdiction had held that that section was unconstitutional.

Plaintiff contends that it can collaterally attack the court orders approving the sales and fees collected by the defendant sheriff, under section 19, prior to the effective date of the amendment. Plaintiff cites *Armstrong v. Obucino* (1921), 300 Ill. 140, in which the court stated:

> "The doctrine that where a court has once acquired jurisdiction it has a right to decide every question which arises in the cause, and its judgment or decree, however erroneous, cannot be collaterally assailed, is only correct when the court proceeds according to the established modes governing the class to which the case belongs and does not transcend in the extent and character of its judgment or decree the law or statute which is applicable to it. (*Windsor v. McVeigh*, 93 U.S. 274; *United States v. Walker*, 109 *id.* 258; *Rogers v. Dill*, 6 Hill, 415; *Folger v. Columbian Ins. Co.* 99 Mass. 267; *Fifthian v. Monks*, 43 Mo. 502; *Seamster v. Blackstock*, 83 Va. 233; *Anthony v. Kasey, id.* 338; *Charles v. White*, 214 Mo. 187.) Where a

court, after acquiring jurisdiction, has assumed to enter a decree for a sale which goes beyond the limits of the jurisdiction and transgresses the law the decree is void, and the sale based thereon is likewise an absolute nullity. (16 R. C. L. 7.)" 300 Ill. 140, 143.

*Armstrong* is clearly distinguishable. Prior to July 1, 1917, the statute provided for enforcement of a mechanic's lien by a sale of the premises, the recording of the certificate of sale and the execution of a master's deed after 15 months, if there was no redemption. An amendment to the statute provided for no sale until after the period of redemption. The decree of sale was contrary to the express provision of the statute in a proceeding unknown to the common law and in which the court's jurisdiction was based not on its constitutional and inherent jurisdiction but on the mechanic's lien statute.

We consider next defendants' contention that the fees on the cancelled sales were paid voluntarily and should not be repaid. Defendants argue that the fees were within the power of plaintiff to avoid and were not paid as the result of pressure, statutory penalties, duress or threat of disastrous effect on business. Plaintiff argues that this contention was rejected in *DeBruyn*. (84 Ill. 2d 128, 136.) We do not agree. Here, class members that paid fees on cancelled sales were not confronted with the possibility that electrical service would be disconnected (*Ross v. City of Geneva* (1978), 71 Ill. 2d 27), or that its employees would be arrested (*People ex rel. Carpentier v. Arthur Morgan Trucking Co.* (1959), 16 Ill. 2d 313), or that the services requested of the sheriff would not be completed as in *DeBruyn* (84 Ill. 2d 128, 136). We note too that the payments made by class members in connection with the cancelled sales were not made "under protest" as in *Ross* (71 Ill. 2d 27, 33). As a general rule, one who voluntarily accepts the benefits of a statute will be barred from challenging its validity, provided no question of public policy is involved (see *People ex rel. Carpentier v. Arthur Morgan*

*Trucking Co.* (1959), 16 Ill. 2d 313, 315; *People ex rel. Carpentier v. Treloar Trucking Co.* (1958), 13 Ill. 2d 596, 599), and on the facts as stipulated it appears that the payments for the cancelled sales were not made under duress and cannot be recovered.

On cross-appeal, plaintiff contends that the circuit court erred in refusing to expand the classes of defendants and plaintiffs so that anyone who had made payments under section 19 to the sheriff of any county of the first or second class prior to January 1, 1982, could also recover from their respective counties. Plaintiff admits that the sheriff and treasurer of Kane County would be required to fairly represent and adequately protect the interest of all other possible defendant counties. As the appellate court noted in *Gaffney v. Shell Oil Co.* (1974), 19 Ill. App. 3d 987, 993-94:

> "There are significant distinctions between permitting one person to sue on behalf of a class and compelling one person to defend as the representative of a class. An individual who initiates a class action does so voluntarily. He willingly assumes the plaintiffs' burden to correct a wrong, assert a right, recover funds or obtain damages in the expectation that he and his counsel (See Andrews, *The Class Action Bar*, Juris Doctor, Jan. 1974, p. 18) will profit or at least be compensated for their zeal and labor. However, an individual who is singled out as the representative of a defendant class is involuntarily shackled with a heavy responsibility. He must protect not only himself but innumerable other people. He must retain an attorney and spend time and money in the preparation of a defense which will do justice to people he does not know and then must represent their interests in a trial of uncertain duration. Further, unlike a plaintiff class action when its object is a money judgment, no fund becomes available to the defendant class to cover its costs in the event it is successful. (Gordon, 42 Ill. L. Rev. 518 (1947-1948).) If the plaintiff is unable to pay the costs which the defendant has a right to recover, the defendant will have a right without a remedy. Tornquist, 5 Loyola L.J. 45 (1974)."

The Federal courts, under their Rule 23, have shown special concern in determining whether a defendant will adequately represent his class. See, *e.g., In re the Gap Stores Securities Litigation* (N.D. Cal. 1978), 79 F.R.D. 283, 290.

We find that the trial court did not abuse its discretion in refusing to certify the statewide classes.

Here, as in *DeBruyn*, we hold that defendants must account for only those funds received as fees on sales in connection with executions and redemptions not thereafter approved by orders of court. It becomes necessary to redefine the plaintiff class and the class must be defined as those persons who (1) paid fees under the provisions of section 19 of "An Act in relation to the compensation of Sheriffs, Coroners, County Treasurers, County Clerks, Recorders and Auditors with their necessary clerk hire, stationery, fuel and other expenses, in counties of less than 1,000,000 inhabitants" (Ill. Rev. Stat. 1979, ch. 53, par. 37) on and after the effective date of article VII, section 9(a), of the 1970 Constitution for sales in connection with executions and redemptions not thereafter approved in subsequent orders or decrees; (2) have not been reimbursed therefor by redemption; and (3) are the persons who suffered the burden or incidence of the illegal fee.

The judgment of the circuit court of Kane County is modified in the manner stated and as modified, is affirmed. The cause is remanded to the circuit court for further proceedings.

*Affirmed as modified*
*and remanded.*