FRIEDMAN, ALSCHULER & SINCERE, Plaintiff-Appellant, v. ARLING-TON STRUCTURAL STEEL COMPANY, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 84—0835

Opinion filed August 23, 1985.—Modified on denial of rehearing February 28, 1986.

S. Joseph Formusa, of Rabens, Formusa & Glassman, Ltd., of Chicago, for appellant.

Sam L. Miller, Ltd., of Chicago (Sam L. Miller, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff-appellant Friedman, Alschuler & Sincere (FAS), an architectural partnership, appeals from the dismissal of its amended complaint seeking indemnity from defendants Arlington Structural Steel Co., Inc. (Arlington), and Berger Steel Co., Inc. (Berger) (defendants). The order sustained defendants' motion to dismiss the amended complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). The issue on appeal is whether or not the amended complaint stated a cause of action. We affirm.

On August 25, 1972, FAS entered into a written agreement with Shure Brothers, Inc. (Shure), whereby FAS agreed to design and oversee the construction of an office and warehouse facility (the building) for Shure. Shure subsequently signed a separate agreement with W. E. O'Neil Construction Company (O'Neil), naming O'Neil as general construction manager for the building. O'Neil, in turn, contracted with Arlington (the O'Neil-Arlington contract) to obtain the necessary labor and materials for the erection of the structural steel required for the building. Article II of the O'Neil-Arlington contract stated that Arlington's work would not be accepted for contract purposes unless it satisfied the general contractor (O'Neil), the architect (FAS), and the owner (Shure). Arlington subsequently contracted with Berger to obtain the steel needed for the O'Neil-Arlington contract.

The building was completed in early 1975. In January 1979, a portion of the roof of the building collapsed. It was determined that the collapse was caused by poor workmanship and the use of faulty materials. It was further determined that an uncollapsed portion of the roof was structurally unsound and in need of repair. Consequently, Shure asserted a claim against O'Neil and FAS for the costs of repair and reinforcement of the uncollapsed portion of the roof. The claim was compromised, resulting in FAS' assumption of 25% or $221,908.82 of the repair costs involved.

FAS then demanded contribution and indemnification from Arlington and Berger for costs incurred in the compromise settlement. Following defendants' rejection of these demands, FAS filed

the instant action for indemnification against defendants Arlington and Berger. Following Berger's motion for summary judgment and Arlington's motion to strike and dismiss, the trial court dismissed FAS's initial complaint on the grounds that it failed to state a cause of action. FAS filed an amended complaint in four counts: Count I for contractual indemnification against Arlington as a third-party beneficiary; count II for implied indemnification against both defendants'; count III against both defendants based on an active-passive negligence theory; and count IV for contribution against both defendants. Upon motions of defendants, the trial court dismissed the amended complaint with prejudice. This appeal followed. However, FAS has withdrawn count IV from the appeal.

OPINION

■■ The trial court dismissed the amended complaint pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 2—615.) Under section 2—615, dismissal is proper when a pleading or portion thereof is insufficient at law. Dismissal is a drastic action however, and, therefore, only proper if the complaint cannot be sustained under the facts alleged by the complainant. (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 395 N.E.2d 549.) Accordingly, we must determine whether or not the dismissal of the amended complaint was proper under this standard.

I

■■ ■ FAS initially contends that count I of the amended complaint was improperly dismissed. FAS maintains that count I states a claim against Arlington based on the indemnity provision in article XVI of the O'Neil-Arlington contract. FAS argues that the language of article XVI indicates FAS was intended as a third-party beneficiary of the indemnification provision.

General contract principles governing construction and interpretation are applied to contracts of indemnity. (*Mosley v. Northwestern Steel & Wire Co.* (1979), 76 Ill. App. 3d 710, 394 N.E.2d 1230.) Where the intent of the parties is clearly ascertainable, the meaning of the indemnity contract is determined by the language used therein, unless such language is found to be ambiguous. *Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 423 N.E.2d 1170.

Article XVI of the O'Neil-Arlington contract states as follows:

"ARTICLE XVI. To the extent permitted by applicable law, it is understood and agreed that Subcontractor shall defend, indemnify and save harmless Contractor, its officers, employees,

agents and servants, the Owner, and the Architect against all loss, damage and expense, whether incurred or paid, on account of death, injuries, damages or loss to persons (including, without limiting the generality of the foregoing, employees of Subcontractor) or property, caused by or in any way arising directly or indirectly out of or connected with or incidental to the performance of the work by Subcontractor or the use by Subcontractor or its employees, agents or subcontractors of facilities or equipment furnished or owned by contractor, other subcontractors or the Owner, and including, without limiting the generality of the foregoing, all claims arising out of any structural work law, or law imposing liability arising out of the use of scaffolds, hoists, cranes, stays, ladders, supports or other mechanical contrivances.

WE CANNOT INDEMNIFY THE ARCHITECT OR ANYONE ELSE FOR THEIR ERRORS OR OMISSIONS."

FAS relies on article XVI's language obligating Arlington, as subcontractor, to "defend, indemnity and save harmless *** the Architect against all loss, damage or expense ***." Here, FAS seeks indemnification for repair and reinforcement costs caused by deterioration and construction defects. Costs incurred for such purposes are economic damages. (*Grass v. Homann* (1984), 130 Ill. App. 3d 874, 878, 474 N.E.2d 711; *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 86, 435 N.E.2d 443.) Since the plain language of article XVI limits indemnification to personal and property damages, the economic damages alleged by FAS are not recoverable here, and the trial court properly dismissed count I of the amended complaint.

## II

■ FAS also contends that the trial court improperly dismissed counts II and III of the amended complaint. Both of these counts were based on theories of implied indemnity. We have recently held that the adoption of contribution in Illinois served to abolish implied indemnity (*Heinrich v. Peabody International Corp.* (1985), 139 Ill. App. 3d 289); however, we are concerned here with a cause of action arising prior to the effective date of the Contribution Act (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*) and so we must apply precontribution principles. (See *Van Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462, 475 N.E.2d 867.) The implied indemnity claims at issue here required, *inter alia*, a showing that there was a pretort relationship between the parties. *Heinrich v. Peabody Inter-*

*national Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935, 938; *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 613, 422 N.E.2d 979, 981-82.

■ Here, the amended complaint fails to demonstrate any direct relationship between FAS and either defendant. The pertinent contracts were executed (1) between FAS and Shure, (2) between Shure and O'Neil, (3) between O'Neil and Arlington, and (4) between Arlington and Berger. However, no direct relationship existed between FAS and Arlington or between FAS and Berger.

FAS nevertheless maintains that the requisite relationship is demonstrated by the work of the respective parties for the accomplishment of a common purpose. This assertion, however, is without merit in light of the language in *Van Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462, 475 N.E.2d 867. In *Van Slambrouck*, the supreme court cited certain classic pretort relationships which would give rise to an implied right of indemnity. The court stated that such relationships included (1) lessor-lessee, (2) employer-employee, (3) owner-lessee, and (4) master-servant. While not exclusive, the examples indicate that a pretort relationship requires a specified pre-existing legal relationship beyond mere involvement in a common undertaking. Thus, the relationship alleged by FAS is insufficient to support the pretort relationship necessary for implied indemnity. Consequently, we affirm the trial court's dismissal of count II and III of the amended complaint.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J.,* concur.

---

*Original opinion was delivered by Presiding Justice James J. Medja and upon his retirement on November 30, 1985, Justice R. Eugene Pincham was assigned to consider the petition for rehearing, and the answers thereto and concurs in the opinion as modified and denial of the petition for rehearing.