KHELYOU YONAN *et al.*, Plaintiffs, v. VERSON ALLSTEEL PRESS COMPANY, Defendant and Third–Party Plaintiff-Appellant (Ross Operating Valve Company, Third–Party Defendant-Appellee).

First District (3rd Division)   No. 86—3220

Opinion filed March 9, 1988.

William D. Kelly, of Chicago (E. James Gildea, of counsel), for appellant.

Jerome H. Torshen, Ltd., and Garretson & Santora, both of Chicago (Jerome H. Torshen and Abigail K. Spreyer, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Khelyou Yonan, injured while operating a press brake in the course of her employment, filed an action for damages against the manufacturer of the mechanism, Verson Allsteel Press Company. Verson filed a third-party claim for indemnity against Ross Operating Valve Company. The trial court dismissed Verson's claim for failure to state a cause of action. We affirm.

Verson's complaint alleged that Yonan's injuries were caused not by any defect in its press brake, but by a valve made by Ross and added to the press brake later. The valve was sold to Yonan's employer by Ross; Verson was not involved with the purchase of the

valve or the alteration which incorporated the valve into the press brake. Verson claimed that the valve was insufficient for the job it was intended to do and that it was designed and manufactured defectively. The record before us shows no preaccident interaction between Verson and Ross.

■ Indemnity allows a total shifting of liability from one party to another. When the third-party litigants have not entered into an express indemnity contract, an implied indemnity claim must allege a pretort relationship between them. (*Heinrich v. Peabody International Corp.* (1984), 99 Ill. 2d 344, 349, 459 N.E.2d 935.) In the case at bar, the trial court did not record its basis for dismissal of Verson's claim, but the parties agree that the court's action was based on its determination that Verson had not made the necessary allegation of a pretort relationship.

Verson contends that imposition of a pretort relationship requirement is unjust in cases where the implied indemnity claim is based on a strict products liability theory and that the requirement should not extend to such cases. It reasons that the purpose of strict liability principles is to place liability on the party who introduces a defective product into the stream of commerce, and that this purpose would be defeated if indemnification from Ross is not allowed in the instant case.

We disagree. Traditional analysis of implied indemnity claims has found the pretort relationship crucial because it is that relationship which exposes one party to vicarious, constructive, derivative or technical liability for the wrongdoing of another. (See *Houdaille Industries, Inc. v. Edwards* (Fla. 1979), 374 So.2d 490.) Because that relationship causes the exposure, it also entitles the innocent party to shift liability to the true wrongdoer. In the absence of this relationship, an innocent manufacturer cannot be held liable for damages caused by a defective part added to his product without his knowledge. (See *Augenstine v. Dico Co.* (1985), 135 Ill. App. 3d 273, 481 N.E.2d 1225.) When it cannot incur liability, the manufacturer does not need to shift liability via an implied indemnity claim. (See *Van Jacobs v. Parikh* (1981), 97 Ill. App. 3d 610, 422 N.E.2d 979.) We believe that in the instant case, if Verson's allegations are true, strict liability principles would be properly served not by the anomalous attempt to force indemnification for liability that Verson could not incur, but by a direct action by Yonan against Ross. We conclude that strict liability principles do not justify an exception to the pretort relationship requirement in this case.

■ Verson cites *Lowe v. Norfolk & Western Ry. Co.* (1984), 124

Ill. App. 3d 80, 463 N.E.2d 792, as authority for the proposition that the pretort relationship requirement is satisfied merely by the allegation of the parties' relationship to the product. The relationships which have traditionally given a right to indemnity, however, are not so casually created. They include: lessor and lessee; employer and employee; owner and his lessee; and master and servant. (*Van Slambrouck v. Economy Baler Co.* (1985), 105 Ill. 2d 462, 475 N.E.2d 867.) Accordingly, this court has since rejected the loose definition of pretort relationship suggested by *Lowe*: "[T]he examples indicate that a pretort relationship requires a specified pre-existing legal relationship beyond mere involvement in a common undertaking." *Friedman, Alschuler & Sincere v. Arlington Structural Steel Co.* (1986), 140 Ill. App. 3d 556, 560, 489 N.E.2d 308.

We hold that Verson's indemnity claim, because it did not allege a pretort relationship with Ross, failed to state a cause of action. We therefore affirm the order of the circuit court of Cook County.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.